Flores, Recurrente, *v.* El Registrador, Recurrido.

Recurso gubernativo contra nota del Registrador de la Propiedad de Guayama.

No. 151.—Resuelto en octubre 23, 1913.

Bienes de Menores—Ejecución de Sentencia—Venta Judicial.—Es válida y por tanto inscribible en el registro la venta de bienes de menores hecha por el márshal en pública subasta en cumplimiento de la ejecución de una sentencia dictada contra los mismos.

Id.—Autorización Judicial para Vender Bienes de Menores.—Los preceptos de la Ley No. 33 de marzo 9, 1911 solo se refieren a las ventas de bienes de menores que se gestionan voluntariamente por la representación de los mismos, pero no a las ventas ordenadas por la autoridad judicial para la ejecución de sentencia contra menores.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. José C. Ramos.*

El Registrador Sr. Felipe Cuchí Arnau, compareció por escrito.

El Juez Presidente Sr. Hernández, emitió la opinión del tribunal.

En juicio civil seguido ante la Corte Municipal del Distrito Judicial Municipal de Guayama, por Eulogia y Cayetana Ledée y Torres contra los menores Rufo, Jovita y Manuel Ledée y Soto, representados por su legítima madre María Soto Díaz, se dictó sentencia a favor de las demandantes por la suma de $200, y para hacerla efectiva se expidió orden en 16 de enero del corriente año al márshal de aquella corte, Don Sergio de la Mata y Dalmau, quien en cumplimiento de ella embargó cierta finca de la propiedad de los menores y procedió a la venta de la misma en pública subasta, habiendo sido adjudicada por precio de $1,106.98 al mejor postor Don Alejandro Flores de Jesús, a cuyo favor otorgó el márshal escritura de venta en 10 de marzo del corriente año, por ante el Notario Don Rafael Cintrón Lastra.

Presentada copia de dicha escritura al Registrador de la Propiedad de Guayama para su inscripción en el registro, fué

ésta denegada por medio de nota que copiada a la letra dice
así:

"Denegada la inscripción de este documento porque hallándose la
finca objeto de la venta, inscrita a nombre de los menores Rufo, Jovita
y Manuel Ledée, únicamente la madre previamente autorizada por el
juez del distrito, puede vender la expresada finca, y tomada anotación
preventiva por término de 120 días de conformidad—de 1°. de marzo
de 1902 al folio 96 vuelto del tomo 4°. de Arroyo, finca No. 164
(inscripción) digo anotación letra A. Guayama, junio once de mil
novecientos trece. El Registrador, Felipe Cuchí Arnau."

Esa nota ha sido recurrida para ante esta Corte Suprema,
y entendemos que no se ajusta a derecho.

La ley relativa a las sentencias y la manera de satisfa-
cerlas, aprobada en marzo 9, 1905 y los preceptos legales
del título 10 del Código de Enjuiciamiento Civil que tratan
de la ejecución de sentencias en pleitos civiles, en la parte
en que no han sido derogados y deben por tanto tener apli-
cación, son generales y no establecen excepción o privilegio
alguno en favor de los menores de edad. Afectan a toda
clase de personas sin distinción alguna. "*Ubi lex non dis-
tinguit nec nos distinguere debemus.*"

La Ley No. 33 de 9 de marzo de 1911, invocada por el Re-
gistrador de Guayama, que determina las formalidades que
han de llenarse para la venta de bienes de menores de edad,
se refiere a las ventas que se gestionan voluntariamente por
la representación de los menores pero no a las ventas orde-
nadas por la autoridad judicial para la ejecución de senten-
cias contra menores. Y tiene que ser así, pues los represen-
tantes de los menores no siempre estarán dispuestos a cum-
plir voluntariamente las obligaciones de sus representados.

Considerada en los términos expuestos la única cuestión
legal levantada en su nota por el Registrador de Guayama,
opinamos que procede la revocación de la misma, debiendo
dicho registrador proceder de acuerdo con los principios le-
gales que dejamos consignados.

*Revocada.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro y Aldrey.

El Juez Asociado Sr. MacLeary no tomó parte en la resoción de este caso.