SABATHIE ET AL., RECURRENTES, *v.* EL REGISTRADOR DE PONCE, RECURRIDO.

Recurso gubernativo contra nota del Registrador de la Propiedad de Ponce denegando la inscripción de una escritura de venta otorgada por un márshal.

No. 254.—Resuelto en diciembre 16, 1915.

VENTA JUDICIAL — OTORGAMIENTO DE ESCRITURA — CUANTÍA ENVUELTA — CORTES MUNICIPALES—JURISDICCIÓN.—Una corte municipal tiene jurisdicción para decretar el otorgamiento por el márshal de una escritura de venta, en forma, de bienes inmuebles en que el comprador ha satisfecho debidamente el precio y se halla en posesión de los mismos, a los efectos de la inscripción del título en el registro de la propiedad, cuando la cuantía envuelta es menor de $500 y no existe dificultad alguna de determinarla sobre una base puramente pecuniaria.

Los hechos están expresados en la opinión.

Abogado de los recurrentes: *Sr. Leopoldo Tormes.*

El registrador recurrido, Sr. Miguel Planellas, no compareció.

EL JUEZ ASOCIADO SR. HUTCHISON, emitió la opinión del tribunal.

En el año 1892 fué vendida cierta finca y entregada por José Latre y Vidal a Doña Victoriana Blanco. El total del precio de la venta, 800 *pesos,* aparece haber sido satisfecho en varios plazos, si bien la escritura formal de venta necesaria para la inscripción del título así traspasado jamás se otorgó mientras vivieron las partes que efectuaron la transacción. Después del fallecimiento de ambos, vendedor y comprador, la sucesión de este último obtuvo a su favor una sentencia en la Corte Municipal de Ponce contra la sucesión del primero, decretando el traspaso formal, escritura que fué debidamente otorgada por el márshal en 26 de octubre de 1914.

El Registrador de la Propiedad de Ponce denegó la inscripción de este documento por medio de una nota cuya parte pertinente es como sigue:

"Denegada la inscripción del documento que precede * * * puesto que la venta judicial se efectúa en complimiento de una sentencia de la Corte Municipal de Ponce dictada en un pleito sobre otorgamiento de escritura de transmisión de dominio, cuyo conocimiento no compete a las cortes municipales, conforme a la sección 4 de la ley definiendo sus facultades y jurisdicción, aprobada en marzo 10 de 1904, según la resolución recaída en el caso de *Ferraioli* v. *El Registrador,* 21 D. P. R. 503."

El único fundamento por el cual se sostuvo en el caso de Ferraioli la calificación del registrador respecto a falta de jurisdicción en la corte municipal aparece claramente expresado en la opinión del tribunal emitida por el Juez Asociado Sr. Aldrey que dice lo siguiente:

"* * *, el objeto de la acción es que se obligue a la demandada a que promueva ante el tribunal competente una declaratoria de herederos para que el demandante pueda inscribir a su nombre

el derecho que dice tener sobre la mitad proindivisa del solar y casa, derecho que parece emanar de una fianza hipotecaria de 500 dólares. Siendo éste el objeto de la acción, tenemos que llegar con el registrador a la conclusión de que la materia en controversia está fuera de la jurisdicción de la corte municipal que expidió el mandamiento, ya que la sección 4ª. de la Ley de marzo 10, 1904, página 95, define la jurisdicción de las cortes municipales en la siguiente forma:

" 'Sección 4ª., a excepción de lo que se determina más adelante en la presente ley, el juez municipal creado por la presente, ejercerá todas las funciones que actualmente corresponden a los jueces de paz y jueces municipales. Tendrá jurisdicción en todos los asuntos civiles que se promuevan en su distrito hasta la suma de $500, intereses inclusive;    *    *    *.'

"Tal como está redactada esta ley es indudable que las cortes municipales únicamente tienen jurisdicción en materia civil para conocer de cuestiones cuya controversia sea susceptible de ser tasada y resuelta en dinero, con tal que esa cantidad no exceda de $500, incluyendo los intereses; y como en este caso el objeto del pleito no versa sobre cantidad alguna, sino que se persigue una sentencia que condene a la demandada a tramitar una declaratoria de herederos, es claro que la corte no tiene jurisdicción para conocer de ese caso, ni por tanto para expedir el mandamiento que libró, ya que la acción entablada no es susceptible de tasación."

En el presente caso la acción seguida en la corte municipal fué pura y simplemente para hacer que se otorgara escritura de venta en forma, a fin de que pudiera el comprador de bienes inmuebles por precio de 800 *pesos,* equivalentes a 480 dólares, inscribir su título habiendo sido satisfecho debidamente el precio de la venta y entregada en realidad la finca hace muchos años. Nada indicaba que fuera a establecerse algún otro procedimiento ulterior, especial o de otra clase, bien en la misma corte o en otra de jurisdicción general y en muchos particulares de jurisdicción exclusiva que afectara a otras partes, a otros bienes o derechos en los mismos en exceso a la cuantía jurisdiccional que determina el artículo 4 de la ley arriba citada, ni ninguna dificultad en determinar la suma que está realmente envuelta, sobre una base puramente pecuniaria.

El caso citado por el registrador no es de aplicación y debe revocarse la nota.

*Revocada la nota recurrida y ordenada la inscripción del documento presentado.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Aldrey.