García, Recurrente, *v.* El Registrador de Guayama, Recurrido.

Recurso gubernativo contra nota del Registrador de la Propiedad de Guayama denegando la inscripción de una escritura de compraventa.

No. 242.—Resuelto en enero 27, 1916.[1]

Bienes de Menores—Venta de Bienes de Menores—Reconocimiento por un Menor de la Venta Hecha por el Padre—Jurisdicción—Cortes Municipales.—Se estableció una demanda en una corte municipal solicitando que se ordenara a un menor el otorgamiento de la escritura de venta de un bien inmueble vendido en vida por su padre, sin llegar a recibir el precio de la

---

[1] En 10 marzo, 1916, denegada reconsideración.

venta que sólo ascendía a $100. *Se resolvió:* Que la corte municipal no tenía jurisdicción por razón de la materia para conocer de dicho pleito.

ID.—JURISPRUDENCIA EN EL CASO DE FLORES v. EL REGISTRADOR, 19 D. P. R. 1020—MENORES DEMANDADOS—JURISDICCIÓN.—En el presente recurso se fija el alcance de la jurisprudencia establecida en el caso de *Flores* v. *El Registrador de Guayama,* 19 D. P. R. 1020, consignándose que dicha jurisprudencia se refiere al caso en que una corte con plena jurisdicción sobre la materia dicta sentencia contra demandados menores de edad.

MENORES DE EDAD—DEBER DE LAS CORTES DE DISTRITO CON RESPECTO A LOS MENORES.—Entre los deberes de las cortes de distrito está la alta inspección de la persona y bienes de los menores de edad.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. C. Domínguez Rubio.*

El registrador recurrido, Sr. Rafael Tirado Verrier, compareció en nombre propio.

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

Presentada para su inscripción en el Registro de la Propiedad de Guayama la escritura de compraventa No. 114 otorgada por Antolina Santiago y Soto por sí y en representación de su hijo menor Eleuterio Fretó Santiago, a favor de Gabriel García Rivera, el primero de julio de 1915, en Cayey, ante el notario público Francisco Navarro Ortiz, el registrador se negó a inscribirla por medio de la siguiente nota:

"Denegada la inscripción del presente documento porque tratándose de venta de bienes inmuebles en que está interesado un menor según las disposiciones legales vigentes no es competente por razón de la materia del contrato, la Corte Municipal de Cayey para ordenar el otorgamiento de la escritura que interesa don Gabriel García Rivera, y sí la Corte de Distrito de Guayama cuya autorización es necesaria, tomándose anotación preventiva de esa denegación por el término legal a favor de dicho Sr. García al folio 54 vuelto del tomo 19 de Cayey finca No. 1080 anotación letra A. Guayama, julio diez y nueve de mil novecientos quince."

No conforme Gabriel García Rivera con la nota que dejamos transcrita, interpuso contra ella el presente recurso gubernativo. El recurrente cita en apoyo de su contención la

decisión de esta Corte Suprema en el caso de *Flores* v. *El Registrador de Guayama,* 19 D. P. R. 1020. El registrador recurrido presentó un alegato escrito en apoyo de su nota.

Examinado el documento sometido a nuestra consideración, resulta que Gabriel García y Rivera presentó una demanda en el Juzgado Municipal de Cayey sobre otorgamiento de escritura contra Antolina Santiago y su hijo Eleuterio Fretó, alegando que Jaime Fretó y Méndez era dueño de un condominio en cierta casa situada en Cayey y la vendió al demandante por la suma de cien dólares sin que llegara a otorgar la escritura de venta, ni a recibir el precio de la misma por haber enfermado y fallecido algún tiempo después. Basándose en tales hechos, el demandante pidió a la corte que condenara a los demandados, que eran los únicos herederos de Jaime Fretó, a recibir el precio de la venta y a otorgar la correspondiente escritura, a los efectos de poder inscribir su derecho en el registro de la propiedad. La demandada Antolina Santiago por sí y como representante de su hijo menor de edad propuso transacción al demandante admitiendo la verdad de los hechos alegados en la demanda y que se dictara sentencia en su contra sin que se le condenara en costas. Así lo hizo la corte municipal y Antolina Santiago en la doble representación indicada otorgó la escritura de que se ha hecho mérito.

Siendo ese el caso, el registrador de la propiedad procedió con razón derecha, a nuestro juicio, al negarse a inscribir la escritura, porque penetrando en el fondo de los hechos es necesario concluir que está envuelta en los mismos la venta de un bien inmueble perteneciente en parte a un menor, o por lo menos el reconocimiento por un menor de la venta de un bien inmueble verificada en vida por su padre, sin que se hubiera obtenido para ello la autorización judicial de la corte de distrito competente. Ya esta corte en el caso de *Avilés* v. *El Registrador de Aguadilla,* 17 D. P. R. 960, estableció la siguiente doctrina:

"En el caso anterior, a la muerte de A fueron declarados sus herederos sus menores hijos y la escritura fué otorgada por la viuda sin obtener autorización judicial alguna. El registrador negó también la inscripción del documento por este motivo y la Corte Suprema resolvió que el registrador tenía razón en cuanto a este extremo, porque el acto realizado envolvía la venta o la ratificación de la venta de un bien inmueble por menores de edad, y la autorización judicial era absolutamente necesaria de acuerdo con la ley vigente cuando se otorgó el documento."

En el caso de *Flores* v. *El Registrador de la Propiedad de Guayama, supra,* invocado por el recurrente, se trataba de la venta de una finca perteneciente a unos menores de edad en la ejecución de una sentencia dictada contra dichos menores. El registrador denegó la inscripción del documento creditivo de la venta, porque hallándose la finca inscrita a nombre de los menores, "únicamente la madre previamente autorizada por el juez de distrito, puede vender la expresada finca." Y esta Corte Suprema estableció la siguiente doctrina:

"Es válida y por tanto inscribible en el registro la venta de bienes de menores hecha por el márshal en subasta pública en cumplimiento de la ejecución de una sentencia dictada contra los mismos."

Si bien es cierto que en el caso de Flores se trataba de una sentencia dictada por una corte municipal, también lo es que tal circunstancia en particular no fué la que originó la negativa del registrador, ni se consideró por esta Corte Suprema en la opinión emitida para basar la resolución del recurso.

Hemos estudiado de nuevo los hechos en el caso de Flores a los efectos de fijar el alcance de la jurisprudencia establecida, y a fin de que no pueda interpretarse de modo tan extenso que perjudique los intereses de los menores de edad y contraríe el propósito de la Legislatura, consignaremos con toda claridad que dicha jurisprudencia se refiere al caso en que una corte con plena jurisdicción sobre la materia dicte sentencia contra demandados menores de edad.

La materia en el caso de García Rivera que estamos considerando y resolviendo envolvía como ya hemos dicho la ratificación de la venta de un bien inmueble que se decía hecha en vida por el padre del menor demandado. En su consecuencia la falta de jurisdicción de la corte municipal es manifiesta. Es la corte de distrito la que debe intervenir en un caso semejante, ya que el legislador decidió que uno de sus deberes fuera la alta inspección de la persona y bienes de los menores de edad.

Debe confirmarse la nota recurrida.

*Confirmada la nota.*

Jueces concurrentes: Sres. Asociados Wolf y Hutchison.

Los Jueces Sres. Presidente Hernández y Asociado Aldrey, disintieron.

OPINIÓN DISIDENTE DE LOS SRES. JUECES PRESIDENTE HERNÁNDEZ Y ASOCIADO ALDREY.

No podemos estar conformes con la resolución dictada en el día de hoy en el caso arriba expresado confirmando nota recurrida del Registrador de la Propiedad de Guayama.

Fúndase la mayoría de los jueces de esta corte al dictar tal resolución en que, penetrando en el fondo de los hechos a que se refiere el presente caso, se hace forzoso concluir que está envuelta en los mismos la venta de un bien inmueble perteneciente en parte a un menor o por lo menos el reconocimiento por un menor de la venta de un bien inmueble verificada en vida por su padre sin haberse obtenido para ello la autorización judicial de la corte de distrito competente, y como consecuencia establece la conclusión de falta de jurisdicción de la Corte Municipal de Cayey para conocer del caso por ser la corte de distrito la que debió intervenir en el mismo.

Aceptamos como base de discusión la relación de hechos consignada en la opinión del tribunal.

La Corte Municipal de Cayey tenía jurisdicción para co--

nocer de la demanda que le fué presentada por Gabriel García Rivera contra Antolina Santiago en propia representación y en la de su hijo menor de edad Eleuterio Fretó sobre otorgamiento de escritura de condominio vendido al demandante por Jaime Fretó y Méndez, causante de los demandados, por la suma de $100, sin que llegara a otorgarse el documento público correspondiente, pues la sección 4ª. de la ley para reorganizar el sistema judicial de Puerto Rico, aprobada en 10 de marzo de 1904, ordena que el juez municipal creado por dicha ley, además de ejercer todas las funciones que anteriormente correspondían a los jueces de paz y jueces municipales, tendrá jurisdicción en todos los asuntos civiles que se promuevan en su distrito hasta la suma de $500, intereses inclusive.  No es necesario que la reclamación verse sobre cantidad en metálico cierta y determinada; basta que sea valuable o tasable el interés del pleito. *Ferraioli* v. *El Registrador de Ponce,* 21 D. P. R. 503; *Sabathié y Pinace et al.* v. *El Registrador de Ponce,* decidido en 16 de diciembre de 1915.

Dicha jurisdicción no es concurrente con la de los jueces de distrito, sino exclusiva, como así lo hemos ya resuelto en los casos de *Lowande* v. *García et al.,* 12 D. P. R. 302; *Bras* v. *Rivera,* 12 D. P. R. 395; *González* v. *Pirazzi,* 16 D. P. R. 7; *Hernández Mena* v. *Blanco et al.,* 22 D. P. R. 773, y *González* v. *Rosado,* decidido en 23 de julio de 1915.  Y también es propia, sin que bajo concepto alguno tengan necesidad los jueces municipales de recurrir a las cortes de distrito para completarla.

No establece la ley la excepción de que en el caso de que los asuntos civiles se promuevan contra menores de edad y esté envuelta en ellos la venta o enajenación de bienes inmuebles pertenecientes a dichos menores, deban llevarse aquéllos a las cortes de distrito, aunque su cuantía sea inferior a la de $500.  *Ubi lex non distinguit, nec nos distinguere debemus.*

Si se aceptara el criterio que inspira la resolución dictada, tendría que llegarse también como consecuencia lógica a la

conclusión de que, reclamado judicialmente el pago de una
suma de dinero inferior a $500 a menores de edad, y dictada
sentencia contra éstos, cesaría la jurisdicción de la corte mu-
nicipal si dicha sentencia hubiera de ejecutarse mediante
embargo y venta de bienes inmuebles de aquellos menores.
La jurisdicción de las cortes municipales no sería completa
en los juicios contra menores sobre reclamación de dinero
siempre que en la ejecución de la sentencia estuviera envuelta
la enajenación de un bien inmueble o derecho real, infrin-
giéndose entonces la regla general de procedimiento de que
los jueces o cortes que tienen competencia para conocer del
pleito, la tienen también para la ejecución de la sentencia.

La sección 4ª. de la ley ya citada de 10 de marzo de 1904,
no ha sido derogada o modificada en el particular a que se
refiere por la Ley No. 33 de 9 de marzo de 1911, pues como
ya dijimos al resolver el caso de *Flores* v. *El Registrador de
la Propiedad de Guayama,* 19 D. P. R. 1020, esta ley al deter-
minar las formalidades que han de llenarse para la venta de
bienes de menores de edad, se refiere a las ventas que se ges-
tionen voluntariamente por la representación de los menores,
pero no a las ventas ordenadas por la autoridad judicial para
la ejecución de sentencias contra menores.

Es claro que la doctrina establecida por nuestra resolu-
ción en el caso de *Flores* v. *El Registrador de la Propiedad
de Guayama,* sólo es aplicable cuando una corte con plena
jurisdicción sobre la materia, dicta sentencia contra deman-
dados menores de edad, y como en el presente caso la Corte
Municipal de Cayey, según hemos dicho, tenía plena juris-
dicción sobre la materia del juicio por razón de su cuantía,
es obvio que la sentencia que dictó era válida, y válida fué
también la escritura que en cumplimiento de la misma se
otorgó, y cuya inscripción fué denegada por el Registrador
de Guayama.

Nuestra resolución en el caso de *Avilés* v. *El Registrador
de la Propiedad de Aguadilla,* 17 D. P. R. 960, no escuda la
resolución de que estamos disintiendo.  En dicho caso se trata

de una venta o ratificación de venta de un bien inmueble otorgada por la representación de un menor de edad, voluntariamente sin mediar juicio alguno.

Ni por el registrador recurrido, ni por la mayoría de la corte, se ha levantado la cuestión de si en el presente caso hay envuelta transacción ·sobre un bien inmueble perteneciente a un menor; y, por tanto, nos abstenemos de considerar si puede estimarse que hubo o nó verdadera transacción con arreglo al artículo 1711 del Código Civil, y si, en caso afirmativo, era o nó necesaria en esa transacción la intervención de la corte de distrito, atendido el 2º. apartado del artículo 1712 de dicho código. La mayoría de la corte funda únicamente su resolución en que la materia en el caso de García Rivera envolvía la ratificación de la venta de un bien inmueble, y, en su consecuencia, no era la corte municipal sino la corte de distrito la que tenía jurisdicción.

Por las razones expuestas, opinamos que procede la revocación de la nota recurrida.