RIVERA, DEMANDANTE Y APELADO, *v.* RIVERA ET AL., DEMANDA-
DOS Y APELANTES.

APELACIÓN procedente de la Corte de Distrito de Mayagüez
en causa sobre división de propiedad.

No. 1364.—Resuelto en junio 23, 1916.

DEMANDA—EXCEPCIÓN PREVIA DE AMBIGÜEDAD.—Cuando de la transcripción no
consta que el demandado adujera excepciones contra la demanda al celebrarse
un juicio *de novo* ante la corte de distrito, debe suponerse que si contenía
alguna ambigüedad renunció a ella el demandado.

NULIDAD DE VENTA—CUANTÍA DE LA DEMANDA—JURISDICCIÓN—CORTES MUNICI-
PALES.—Cuando el objeto del pleito es la nulidad o validez de una venta
verificada por precio de $500 tiene cuantía la demanda dentro de la jurisdic-
ción de la corte municipal.

ID.—CONFABULACIÓN—CONOCIMIENTO DE LA CONFABULACIÓN—VENTA SIMULADA.—
Aun cuando en una demanda para que se declare la nulidad de venta de
ciertas fincas por confabulación entre los demandados, no se alegue que uno
de ellos tenía conocimiento de la confabulación, si se expone que no medió
precio en el contrato y que se simuló para perjudicar al demandante en
sus derechos, aduce hechos en cuanto a ambos contratantes demandados para
obtener la declaración de nulidad, porque lo que se hace simuladamente es
nulo.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. Angel A. Vázquez.*

Abogado del apelado: *Sr. Benito Forés.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tri-
bunal.

Domingo Rivera Barrientos demandó en la Corte Muni-
cipal de San Germán a José de las Mercedes Rivera y María
de la Paz Vélez con el fin de que el tribunal declarase la nuli-
dad de la escritura de 27 de abril de 1912 por la que el primero
de los demandados vendió a la segunda por precio de qui-
nientos pesos sus condominios en ciertas fincas y para que se
cancelasen las inscripciones que por virtud de ella se verifi-
caron en el registro de la propiedad.

Resuelto el pleito a favor del demandante apelaron los
demandados para ante la Corte de Distrito de Mayagüez y
celebrado allí el juicio de nuevo, en unión de otro que le fué
acumulado, recayó sentencia en cuanto a dicha demanda, de-

clarando la nulidad de la expresada venta y ordenando las cancelaciones de las inscripciones que motivó en el registro.

Contra esta sentencia establecieron los demandados el presente recurso en el que no han presentado relación de las pruebas presentadas en el juicio ni pliego de excepciones, por lo que limitan los motivos de error a sostener que la corte municipal no tenía jurisdicción para conocer de la demanda, que ésta no aduce hechos determinantes de causa de acción y que es ambigua y dudosa.

Como no consta de la transcripción que los demandados adujeran excepciones contra la demanda al celebrarse el juicio de nuevo en la corte de distrito debemos suponer que si la demanda contenía alguna ambigüedad renunciaron los demandados a que se hiciera más clara y limitaremos nuestra consideración a los otros dos motivos de excepción ya que éstos pueden proponerse ante nosotros aunque no se adujeran en el tribunal inferior.

Sostiene la parte apelante que la corte municipal no tenía jurisdicción para conocer de la demanda porque su objeto es el de obtener la nulidad de una escritura y que, por tanto, no teniendo cuantía corresponde la jurisdicción original a la corte de distrito, citando en su apoyo el caso de *Ferraioli* v. *El Registrador de Ponce,* 21 D. P. R. 503.

Este caso no sostiene la proposición de la parte apelante porque si entonces se sostuvo que la corte municipal no tenía jurisdicción para conocer de la demanda fué porque tenía por objeto el que se condenara a los demandados a que tramitasen en el tribunal competente una declaratoria de herederos, cuestión que no tiene cuantía.   Pero en ese mismo caso dijimos que las cortes municipales tienen jurisdicción para conocer de cuestiones cuya controversia sea susceptible de ser tasada y resuelta en dinero, con tal de que no exceda de quinientos dólares, incluyendo intereses; y al resolver posteriormente el recurso de *Sabathié* v. *El Registrador de Ponce,* 23 D. P. R. 325, nos referimos al caso de Ferraioli, *supra,* y tratándose de una escritura de venta otorgada en cumpli-

miento de una sentencia de una corte municipal dictada en pleito seguido para que se condenase a la sucesión demandada a otorgar escritura de una venta que por 480 dólares satisfechos con anterioridad, había hecho su causante, consideramos la cuestión de la jurisdicción de dicha corte para conocer del juicio, declaramos que la tenía y ordenamos la inscripción del documento.

Así, pues, siendo el objeto del pleito en este caso la nulidad o validez de una venta verificada por precio de quinientos dólares tiène cuantía la demanda y esa cantidad, que aparece en ella es lo que ha de tenerse en cuenta para decidir que la corte municipal tenía jurisdicción en el asunto.

Con respecto a la otra cuestión de si la demanda aduce o no hechos determinantes de causa de acción, sin necesidad de consignar todas sus alegaciones nos bastará decir que en ella se expresa, entre otras cosas que el demandante y el demandado José Mercedes Rivera son herèderos declarados de su hermano Rosendo Rivera: que por escritura pública de 20 de marzo de 1900 dicho demandado cedió al demandante por precio recibido todas las acciones y derechos que tenía y le pudieran corresponder en la herencia de Rosendo Rivera; y que a pesar de esta cesión de derechos hereditarios, dicho demandado José Mercedes Rivera se confabuló con su madre María de la Paz Vélez, que es la otra demandada y otorgaron simuladamente la escritura pública de 27 de abril de 1912 por la cual la madre aparece comprando al hijo por precio de quinientos pesos dichos derechos y acciones en los bienes de la herencia que describe la demanda, siendo el precio incierto toda vez que ella carece de bienes porque ha permanecido siempre en la mayor insolvencia y por no ejercer industria ni trabajo que le produjera la posesión de tal cantidad, contrato que se hizo para perjudicar al demandante en sus derechos y que consiguieron inscribir por estar inscritos los bienes a nombre de los herederos.

Sostiene la parte apélante que estas alegaciones no son suficientes en cuanto a la demandada María de la Paz Vélez

porque no se alega que ella tenía conocimiento de la cesión de derechos hereditarios hecha por su vendedor al demandante y que la confabulación requiere más de una persona y que todas tengan conocimiento entre sí de la confabulación que realizan.

Si bien es cierto que tal conocimiento no se alega en la demanda, como en ella se expone también que no medió precio en el contrato de los demandados y que se simuló para perjudicar al demandante en sus derechos, aduce hechos en cuanto a ambos contratantes demandados para obtener la declaración de nulidad porque lo que se hace simuladamente es nulo. Scaevola, Principios generales del derecho civil. *Hernández* v. *Fernández*, 17 D. P. R. 116.

La sentencia apelada debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Hutchison.