AGÜEROS, RECURRENTE, *v.* REGISTRADOR DE SAN JUAN, SECCIÓN PRIMERA, RECURRIDO.

RECURSO gubernativo contra nota del Registrador de la Propiedad de San Juan, Sección Primera, denegatoria de la inscripción de una escritura de venta otorgada por el marshal.

No. 438.—Resuelto en marzo 30, 1920.

BIENES DE MENORES—VENTA DE BIENES DE MENORES PARA EJECUCIÓN DE SENTENCIA—JURISDICCIÓN DE LA CORTE MUNICIPAL.—Una corte municipal carece de jurisdicción para conocer de un pleito entablado contra menores de edad de quienes se demanda en unión de otras personas el otorgamiento de escritura de una finca anteriormente vendida por su causante, en cuanto a la mitad indivisa de que era dueño, mediante documento privado.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. P. A. Rivera.*

El registrador recurrido compareció por escrito.

El Juez Asociado Sr. Wolf, emitió la opinión del tribunal.

Puesto que la nota del registrador en este caso debe ser confirmada por razón del primer defecto insubsanable que en dicha nota se menciona, nos limitaremos a discutir ese defecto, envolviendo como envuelve la cuestión relativa a la jurisdicción que tiene una corte municipal para ordenar que se otorgue una escritura de venta de propiedad.   Puede dudarse si una corte municipal tiene facultad para ordenar en alguna ocasión el otorgamiento de una escritura de venta de propiedad que en verdad ha sido adquirida por un supuesto comprador, puesto que tal pleito no envuelve ninguna reclamación de dinero y las cortes municipales tienen jurisdicción solamente cuando está envuelta una suma inferior a $500.   *Ferraioli* v. *Registrador de la Propiedad,* 21 D. P. R. 506.

Sin embargo, en este caso algunas de las partes a quienes se trata de obligar son menores y la jurisprudencia establecida en el caso de *García* v. *El Registrador,* 23 D. P. R. 426, que es un caso paralelo a éste regula la cuestión.   En dicho caso dijimos que una venta hecha por el márshal en una acción contra menores en reclamación de cantidad confería jurisdicción a esa corte para que se otorgase la venta en cumplimiento de su sentencia dictada contra los menores, pero que una acción para obligar a que se otorgue una escritura por los menores era cosa que incumbía exclusivamente a la corte de distrito.

El caso de *Sánchez* v. *El Registrador de Caguas,* 27 D. P. R. 768 no tiene aplicación, pues en él simplemente repetimos la doctrina sentada en el de *Flores* v. *El Registrador de Guayama,* 19 D. P. R. 1020, o sea que cuando la venta es consecuencia de una ejecución en un pleito contra menores la corte municipal tiene jurisdicción.

Debe confirmarse la nota recurrida por el fundamento de que la corte municipal no tenía jurisdicción.

*Confirmada la nota recurrida.*

Jueces concurrentes: Sres. Asociados del Toro y Hutchison.

El Juez Presidente Sr. Hernández y el Juez Asociado Sr. Aldrey firmaron conformes con la sentencia pero no con sus fundamentos.

OPINIÓN CONCURRENTE DEL JUEZ PRESIDENTE SEÑOR HERNÁNDEZ CON LA QUE ESTÁ CONFORME EL JUEZ ASOCIADO SEÑOR ALDREY.

No estamos conformes con la opinión de la mayoría de esta Corte Suprema en cuanto confirma la nota recurrida por el fundamento de que la Corte Municipal de San Juan carece de jurisdicción para ordenar en juicio el otorgamiento de la escritura de venta cuya inscripción ha sido denegada. Esa corte tenía jurisdicción por razón de la materia, pues el valor del solar era de $50, suma inferior a la de $500. Reproducimos las razones consignadas en nuestra opinión disidente emitida en el caso de *García* v. *El Registrador de Guayama,* 23 D. P. R. 430.

La nota recurrida se sostiene por otro fundamento o sea por no haber sido traídas al juicio todas las partes que vendieron el solar a Diego Agüeros. Se alegó en la demanda que los vendedores fueron José Narciso Viader en su carácter de apoderado general de Sebastián Dávila, Luis Maldonado Dávila y Carmen y Germán Gorry Dávila. Muertos Sebastián Dávila y Luis Maldonado Dávila, sólo fueron citados para el juicio José Narciso Viader y los sucesores de Sebastián y Luis Maldonado Dávila. La Sucesión de Sebastián Dávila estaba formada por su viuda y varios hijos menores de edad y la Sucesión de Luis Maldonado Dávila lo estaba por Carmen y Germán Gorry Dávila. Los miembros de ambas sucesiones así como José Narciso Viader fueron citados pero esa citación no excusaba que fueran citados Car-

men y Germán Gorry Dávila, no sólo como sucesores de Luis Maldonado Dávila sino también en concepto de vendedores del solar, y tampoco excusaba la citación del esposo de Carmen Gorry Dávila que siendo casada había adquirido la participación que vendió en el solar vendido a Diego Agüeros, teniendo por tanto dicha participación el carácter de ganancial. No se siguió el procedimiento debido por la corte municipal dentro de la jurisdicción que le asistía por razón de la materia, y la nota denegatoria de inscripción debe ser confirmada.