Guillermo Escobar Rosario, recurrente, *v.* El Registrador de la Propiedad de Mayagüez, recurrido.

Núm. 1047.—*Sometido:* Abril 27, 1939. *Resuelto:* Junio 24, 1939.

*José Sabater.* abogado del recurrente; el registrador recurrido no compareció.

El Juez Presidente Señor Del Toro emitió la opinión del tribunal.

El tres de marzo último compareció ante notario público el márshal de la Corte Municipal de Mayagüez y otorgó una escritura de venta judicial a favor de Guillermo Escobar

Rosario que presentada para su inscripción en el registro, causó la siguiente nota:

"DENEGADA la inscripción del documento tomándose en su lugar ANOTACIÓN PREVENTIVA . . . por los siguientes fundamentos: (a) porque la Corte Municipal de Mayagüez no tenía jurisdicción para compeler a la Sucesión de María Luisa Quiñones, en la que hay una menor, a otorgar la escritura ratificando la venta del inmueble y (b) porque el márshal de la citada corte no podía asumir en derecho, directamente, la representación de los demandados Juan Barneset y de la menor Esther Barneset Quiñones, en el otorgamiento de la repetida escritura."

El mandamiento recibido por el márshal se transcribe en la escritura y es necesario conocerlo a los efectos de la debida resolución del recurso interpuesto contra la nota por Escobar. Dice en lo pertinente:

"POR CUANTO : — : . . se ha dictado la siguiente sentencia :

" 'En el presente caso, el demandante Guillermo Escobar Rosario, mayor de edad, casado con Teotista Rodríguez, propietario y de esta vecindad, por representación de su abogado Lcdo. José Sabater, ha interpuesto la demanda . . . alegando que allá por el mes de marzo de mil novecientos veinticinco María Luisa Quiñones y Vélez vendió a dicho demandante y éste compró la siguiente finca: 

" ' "URBANA, solar radicado en la calle Concordia, barrio de la Marina Septentrional de esta Ciudad, que mide doscientos cincuenta varas cuadradas" (continúa la descripción.)

" ' 'Que la venta se realizó por precio de trescientos cincuenta dólares que pagó el demandante a la vendedora María Luisa Quiñones y Vélez y que ésta los recibió, otorgándose la correspondiente escritura pero el demandante no inscribió la misma en el registro de la propiedad de Mayagüez y no le ha sido posible encontrarla; que dicha finca vendida al demandante se encontraba entonces y aun se encuentra inscrita en el registro de la propiedad de Mayagüez al folio . . . a nombre de María Luisa Quiñones y Vélez, mayor de edad, soltera, . . .; que la referida María Luisa Quiñones y Vélez, contrajo matrimonio en esta Ciudad de Mayagüez el veintidós de julio de mil novecientos veintitrés con Juan Barneset y pronto después de la venta de la finca descrita al demandante, se embarcó con su dicho esposo para la Ciudad de Nueva York, procreando con su dicho esposo una hija que se llama Esther Barneset y Quiñones; pero

que la referida María Luisa Quiñones y Vélez falleció en la Ciudad de Nueva York el día diez de abril de mil novecientos veinticinco, dejando como sus únicos herederos a su referida hija Esther Barneset y Quiñones y a su viudo Juan Barneset, quienes residen en la Ciudad de Nueva York, teniendo éste como padre, la patria potestad de su hija, por lo que ambos son demandados en este caso y que el no poder inscribir su título de propiedad sobre dicha finca en el registro de la propiedad de Mayagüez perjudica al demandante y que se ha dirigido al Lcdo. Eduardo A. Ruiz, Jr., como abogado y representante de los demandados para que éstos otorguen al demandante la correspondiente escritura de venta de la finca descrita, pero dicho abogado no tiene facultades para otorgarla y que se ha comunicado con los demandados para que otorguen dicha escritura por ser de justicia, pero en vista de que dichos demandados se encuentran ausentes de esta Isla, en la Ciudad de Nueva York, que no han de venir a esta Ciudad y que uno de los demandados es menor de edad, el demandante se ve precisado a entablarles dicha demanda para obtener debidamente su título de propiedad y por último, alega en la demanda el demandante, que la finca descrita no tiene un valor mayor de trescientos cincuenta dólares, por lo que solicita de esta corte que se dicte sentencia decretando que los demandados Juan Barneset, por su propio derecho y además como padre . . . con patria potestad sobre su menor hija Esther Barneset y ésta otorguen a favor del demandante escritura de venta y enajenación de la finca descrita en el párrafo primero de la demanda con todas sus pertenencias y cuanto la constituye, ratificando la anterior venta, . . . y que una vez firme la sentencia y toda vez que los demandados se encuentran ausentes, que se libre el correspondiente mandamiento al Márshal de esta Corte para que se otorgue en representación de los demandados la escritura de venta procedente . . . Que los demandados han comparecido . . . representados por su abogado el Lcdo. Eduardo A. Ruiz, Jr., quien ha radicado escrito allanándose a la demanda . . . por ser cierto y verdadero que María Quiñones y Vélez causante de los demandados, vendió al demandante por precio de trescientos cincuenta dólares que recibió, la finca urbana que se describe en el párrafo primero de la demanda; . . . por lo que los demandados están conformes y consienten que se dicte sentencia . . . de acuerdo con lo solicitado . . .; Por tanto: la Corte en virtud del allanamiento de los demandados dicta sentencia en este caso decretando que los demandados Juan Barneset por su propio derecho y además como padre con patria potestad sobre su menor hija Esther Barneset y Quiñones,

y ésta, otorguen a favor del demandante la escritura de venta y ena-jenación de la finca descrita en el párrafo primero de la demanda, con todas sus pertenenecias y cuanto la constituye, ratificando la anterior venta, . . . y que quedando firme esta sentencia en el momento en que se dicte a virtud 'del allànamiento de los demandados, . . . se ordena que por el secretario de esta Corte se libre el correspondiente mandamiento al Márshal para que se otorgue en representación de los demandados la escritura de venta procedente . . . a favor del demandante, todo sin especial condena de costas.' ''

Nos limitaremos a considerar la cuestión de jurisdicción envuelta.

En la nota se consigna que la corte municipal ''no tenía jurisdicción para compeler a la Sucesión de María Luisa Quiñones en la que hay un menor, a otorgar la escritura ratificando la venta del inmueble.'' El recurrente la impugna, citando las decisiones de esta corte en los siguientes recursos gubernativos: *Flores* v. *Registrador,* 19 D.P.R. 1020; *Sabathie* v. *Registrador,* 23 D.P.R. 325; *García* v. *Registrador,* 23 D.P.R. 426; *Rivera* v. *Rivera,* 24 D.P.R. 172; *Pujals Carlo* v. *Corte,* 40 D.P.R. 92, decisión esta última que revocó la de *Colón Caballero* v. *Registrador,* 38 D.P.R. 653, que limitaba la jurisdicción de las cortes municipales al cobro de dinero.

Hemos examinado todos los casos invocados y a nuestro juicio la cuestión a decidir queda resuelta en sentido favorable a la nota por la jurisprudencia sentada en el de *García* v. *Registrador,* 23 D.P.R. '426, que es posterior al de *Sabathie* v. *Registrador,* 23 D.P.R. 325 en que descansa en gran parte el recurrente.

En el resumen del caso de García, supra, se dice:

''Se estableció una demanda en una corte municipal solicitando que se ordenara a un menor el otorgamiento de la escritura de venta de un bien inmueble vendido en vida por su padre, sin llegar a recibir el precio de la venta que sólo ascendía a $100. *Se resolvió:* Que la corte municipal no tenía jurisdicción por razón de la materia para conocer de dicho pleito.''

Y la opinión, pág. 430, termina como sigue:

"La materia en el caso de García Rivera que estamos considerando y resolviendo envolvía como ya hemos dicho la ratificación de la venta de un bien inmueble que se decía hecha en vida por el padre del menor demandado. En su consecuencia la falta de jurisdicción de la corte municipal es manifiesta. Es la corte de distrito la que debe intervenir en un caso semejante, ya que el legislador decidió que uno de sus deberes fuera la alta inspección de la persona y bienes de los menores de edad."

Años después y con motivo de haberse restringido la jurisdicción de las cortes municipales a reclamaciones por dinero por la decisión del caso de *Colón Caballero* v. *Registrador,* 38 D.P.R. 653, se estudió de nuevo ampliamente la cuestión en *Pujals Carlo v. Corte,* 40 D.P.R. 92, y si bien el dicho caso de Colón Caballero fué revocado quedando establecida la jurisprudencia en los siguientes términos: "Las cortes municipales insulares tienen jurisdicción en todos aquellos asuntos civiles en que la cuantía de la reclamación llegue hasta $500 o el interés envuelto sea valuable o tasable y no exceda de dicha suma, con las excepciones ya establecidas por la jurisprudencia", puede verse que se dijo "con las excepciones ya establecidas por la jurisprudencia", enumerándose en el curso de la opinión, dos, a saber: la del caso de García, supra —menores de edad—y la del de *Valdivieso* v. *Rivera,* 19 D.P.R. 702—ejecución de hipoteca.

La jurisprudencia del repetido caso de *García* v. *Registrador,* 23 D.P.R. 426, está en pie y ya dijimos y hemos podido comprobar que aplicada a los hechos de éste en el que está envuelta la ratificación por un menor de una venta de un inmueble que se alega que hizo en vida uno de sus padres, sostiene la negativa del registrador.

*El recurso deberá, pues, declararse sin lugar y confirmarse la nota recurrida.*

El Juez Asociado Sr. Travieso no intervino.