JULIO MELÉNDEZ LIMA, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE CAGUAS, recurrido.

Núm. 1084.—*Sometido:* Marzo 17, 1941. *Resuelto:* Marzo 21, 1941.

*R. Meléndez Lima y R. Calderón Rodríguez,* abogados del recurrente;
el registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del
tribunal.

El Márshal de la Corte Municipal de Caguas otorgó escritura de venta judicial a favor del recurrente, Julio Meléndez Lima, a virtud de orden de ejecución de sentencia librada por dicha corte en el caso civil núm. 1101 seguido por el recurrente en contra de los allí demandados, Juana Arzuaga Millán, conocida por Juana Arzuaga Ramos, como madre con patria potestad sobre sus hijos menores de edad Miguel, Ena y Marina Ramos Arzuaga, por la suma de $60 procedentes de un préstamo efectuado por el demandante a la madre para alimentación de los menores, y cuya cantidad se obligó ella a pagar el día 30 de marzo de 1940 de las rentas de dichos menores. En ejecución de la sentencia dictada en rebeldía de los demandados, el márshal adjudicó en pública subasta, al único postor que compareció, que lo fué el demandante aquí recurrente, tres condominios pertenecientes a los tres menores antes mencionados, de una octava parte indivisa en una finca urbana, solar y casa, situada en Caguas.

El Registrador de la Propiedad de Caguas al presentársele dicha escritura para su inscripción, denegó la misma por las razones que expresó en una nota que dice así:

"Denegada la inscripción de este documento y tomada anotación preventiva por 120 días a favor del adquirente Julio Meléndez Lima, al folio 220 del tomo 200 de Caguas, finca 2738 triplicado, anotación 'D', por considerar que la madre con patria potestad sobre sus menores hijos Miguel, Ena y Marina Ramos Arzuaga, no está autorizada por la corte de distrito correspondiente para tomar dinero a préstamo en representación de, y para sus hijos menores antes nombrados;

y considerar además que aún en el supuesto de que pudiera hacerlo, tales sumas tomadas en concepto de préstamo del demandante Julio Meléndez Lima, estaban garantizadas, según aparece de la escritura objeto de este asiento, con el producido de las rentas de los bienes de sus menores hijos y en forma alguna con los bienes de éstos, y considerar además que las cortes municipales carecen de jurisdicción por la materia envuelta en este caso.''

Por el presente recurso se solicita la revocación de dicha nota denegatoria, alegando el recurrente lo siguiente: que si se tratara de una venta voluntaria de bienes de menores, sería requisito indispensable la autorización de la corte de distrito correspondiente, pero que, tratándose de una venta forzosa, o sea, de bienes embargados en un procedimiento seguido ante una corte municipal, no es necesaria la autorización previa de la corte de distrito; que la Corte Municipal de Caguas tenía jurisdicción para conocer del caso en cobro de dinero; que una madre con patria potestad está autorizada por la ley para tomar dinero a préstamo con cargo a rentas que se deriven de los bienes de sus hijos menores de edad, para alimentación de los mismos, hasta la suma de $500, porque en tal caso lo que se grava son las rentas que constituyen bienes muebles y, por último, que la persona acreedora puede solicitar y obtener que se embarguen cualesquiera clase de bienes que correspondan a hijos menores de edad, en la cantidad que fuere necesaria, sin tener que recurrir al embargo de rentas por devengar que pueden ser de dudoso cobro. Cita para sostener su contención los casos de *Flores* v. *El Registrador,* 19 D.P.R. 1020; *García* v. *El Registrador,* 23 D.P.R. 426.

Según aparece de la escritura otorgada por el márshal, se alegó específicamente en la demanda ante la Corte Municipal de Caguas que el préstamo por la suma de $60 que el recurrente hizo a la madre de los menores quedaba garantizado con las rentas de éstos, que era lo único que la madre podía gravar de acuerdo con el artículo 159 del Código Civil (1930) preceptivo de que el ejercicio de la

patria potestad no autoriza al padre ni a la madre para enajenar o gravar bienes inmuebles de clase alguna o muebles cuyo valor exceda de quinientos dólares pertenecientes al hijo, sin previa autorización de la corte de distrito. El caso para recobrar el pago de esos $60 así garantizados estuvo bien radicado ante la corte municipal que era la que tenía jurisdicción por la cuantía envuelta. Los demandados no comparecieron y se dictó sentencia contra ellos en rebeldía, y al ordenar la ejecución de la misma fué que dicha corte dispuso lo siguiente:

"Por lo tanto, usted, el márshal antes mencionado, es requerido por la presente para que haga que se satisfagan las sumas debidas sobre dicha sentencia, con interés como queda dicho, con las costas devengadas y que se devenguen, conforme a dicha sentencia, en bienes de *la propiedad personal* de dichos deudores, y si no hubiere propiedad personal bastante, entonces de *la propiedad real* que se hallare en el distrito de usted, y que pertenezca a dichos deudores en la fecha en que dicha sentencia fué registrada en dicha corte municipal, . . ." (Itálicas nuestras.)

A virtud de esta orden el márshal procedió a embargar la finca urbana a que antes nos hemos referido, sin que aparezca que hiciera gestión alguna para antes embargar las rentas que correspondían a los menores, ya que su certificado dice así:

"*Certifico:* que he recibido la presente orden de ejecución el día 13 de julio de 1940 y que he cumplimentado la misma el día 13 de julio de 1940, embargando la siguiente propiedad real, a saber: condominios de una octava parte indivisa cada uno de los demandados, Miguel, Ena y Marina Ramos Arzuaga en la finca que se describe así: *Urbana:* (se describe)."

No aparece el valor que puedan tener los tres condominios pertenecientes a los menores en la casa y solar. Su indefensión en todo el procedimiento es un hecho evidente, pues la madre permitió que se les anotara, y dictara sentencia, en rebeldía. Así tenemos que para el pago de una suma pequeña de $60 que estaba garantizado con las rentas que

perciben los menores, se les ha privado de sus condominios en un bien inmueble, cuyo valor desconocemos.

Ya en ocasión anterior se trató de enajenar los condominios pertenecientes a estos mismos menores sobre la misma finca, en forma no autorizada por la ley, al otorgarse una escritura al efecto sin autorización judicial y la subasta pública correspondientes, y esta Corte Suprema confirmó la nota del Registrador de la Propiedad de Caguas que denegó su inscripción. Véase el caso de *Aponte* v. *Registrador,* 56 D.P.R. 834, resuelto en mayo 23, 1940. Pocos días después, en junio 13, se radicó en la Corte Municipal de Caguas la acción en cobro de los $60 cuya sentencia fué ejecutada vendiéndose los mismos condominios, que no garantizaban la deuda. Era a la corte de distrito a la que debió acudirse por motivos de utilidad y necesidad comprobados, para obtener permiso para gravarlos y así hubieran podido alcanzarse en el procedimiento de ejecución de la sentencia.

En el caso de *García* v. *Registrador,* citado por el recurrente, se exponen los hechos del de Flores, también citado por él, y se fija el alcance de lo en éste resuelto, así:

"En el caso de *Flores* v. *Registrador de la Propiedad de Guayama,* supra, invocado por el recurrente, se trataba de la venta de una finca perteneciente a unos menores de edad en la ejecución de una sentencia dictada contra dichos menores. El registrador denegó la inscripción del documento creditivo de la venta, porque hallándose la finca inscrita a nombre de los menores, 'únicamente la madre previamente autorizada por el juez de distrito, puede vender la expresada finca.' Y esa Corte Suprema estableció la siguiente doctrina.

" 'Es válida y por tanto inscribible en el registro la venta de bienes de menores hecha por el márshal en subasta pública en cumplimiento de la ejecución de una sentencia dictada contra los mismos.'

"Si bien es cierto que en el caso de *Flores* se trataba de una sentencia dictada por una corte municipal, también lo es que tal circunstancia en particular no fué la que originó la negativa del registrador, ni se consideró por esta Corte Suprema en la opinión emitida para basar la resolución del recurso.

"Hemos estudiado de nuevo los hechos en el caso de *Flores* a los efectos de fijar el alcance de la jurisprudencia establecida, *y a*

*fin de que no pueda interpretarse de modo tan extenso que perjudi-
que los intereses de los menores de edad* y contraríe el propósito de
la Legislatura, consignaremos con toda claridad que dicha jurispru-
dencia *se refiere al caso en que una corte con plena jurisdicción sobre
la materia dicte sentencia contra demandados menores de edad.*

"La materia en el caso de García Rivera que estamos conside-
rando y resolviendo envolvía como ya hemos dicho la ratificación de
la venta de un bien inmueble que se decía hecha en vida por el pa-
dre del menor demandado. En su consecuencia la falta de jurisdic-
ción de la corte municipal es manifiesta. Es la corte de distrito la
que debe intervenir en un caso semejante, ya que el legislador deci-
dió que uno de sus deberes fuera la alta inspección de la persona y
bienes de los menores de edad." (Itálicas nuestras.)

El caso de *García* v. *Registrador,* supra, ha sido ratifi-
cado en los de *Agüeros* v. *Registrador de San Juan,* 28 D.P.R.
268; *Miranda* v. *Registrador de San Juan,* 28 D.P.R. 394;
*Colón Caballero* v. *Registrador,* 38 D.P.R. 653, 655; *Pujals
Carlo* v. *Corte,* 40 D.P.R. 92 y *Escobar* v. *Registrador,* 55
D.P.R. 193, 197.

Sería establecer un precedente que serviría de base para
privar y hasta defraudar a hijos menores de edad de sus
bienes inmuebles, en violación expresa a lo dispuesto en el
artículo 159 del Código Civil, supra, el variar el alcance de
la jurisprudencia antes citada.

La madre de los menores en el caso que resolvemos hizo
lo que la ley le permitía hacer: tomar $60 a préstamo para
sus hijos y gravar las rentas de ellos para garantizar su
pago. La Corte Municipal de Caguas tenía, como hemos
dicho, jurisdicción para conocer y resolver el caso, pero la
ejecución de la sentencia debió limitarse a los bienes muebles
que garantizaban el préstamo, es decir, las rentas de dichos
menores o cualesquiera otros bienes muebles propiedad de
ellos, sin afectar sus bienes inmuebles, pues éstos no garanti-
zaban la deuda, ya que la madre no tenía poder para gra-
varlos sin autorización previa de la corte de distrito.

*Debe confirmarse la nota recurrida.*