ENRIQUE SANTIAGO ROJAS y los herederos y sucesores de PEDRO JOSÉ ROJAS MERCADO, demandantes y apelados, *v.* CLOTILDE RÍOS, su esposa LUCÍA MARTÍNEZ y ROSARIO PAGÁN, demandados y apelantes.

Núm. 9740.—*Sometido:* Diciembre 1, 1948. *Resuelto:* Diciembre 8, 1948.

*Andrés Mena Latorre* y *A. L. López,* abogados de los apelantes; *Ángel Fernández Sánchez,* abogado de los apelados.

EL JUEZ ASOCIADO SEÑOR SNYDER emitió la opinión del tribunal.

Clotilde Ríos radicó demanda ante la Corte de Distrito de Caguas contra los herederos desconocidos de María Rojas Mercado, John Doe y Richard Roe, sobre otorgamiento de esritura de cierta finca urbana. La demanda alegaba que María Rojas Mercado había vendido a Ríos dicha finca por $480, pero que, antes de que le otorgara la correspondiente escritura, la primera falleció intestada, dejando herederos desconocidos.

Se emplazó mediante edictos a los demandados desconocidos, anotándoseles la rebeldía por no haber comparecido. Luego de oír la prueba al efecto, la corte de distrito dictó sentencia el 23 de marzo de 1945 ordenándole al márshal que otorgara la escritura. El 20 de junio de 1945 el márshal otorgó una escritura sobre la propiedad a favor de Ríos, inscribiéndose la misma. El 23 de junio de 1945 Ríos y su esposa vendieron la finca a Rosario Pagán por el precio de $1,200, inscribiéndose también la escritura que se otorgó.

El 16 de marzo de 1945 Pedro José Rojas Mercado radicó una petición *ex parte* ante la Corte de Distrito de Ca-

guas solicitando la declaratoria de herederos de María Rojas Mercado. Luego de una vista celebrada el 23 de marzo de 1945, la corte de distrito dictó resolución, con fecha 24 de abril de 1945, declarando a Pedro José Rojas Mercado, el peticionario, y a Enrique Santiago Rojas, este último en representación de su finada madre, Felipa Rojas Mercado, como únicos y universales herederos de María Rojas Mercado. La corte resolvió que el peticionario y la madre de Enrique Santiago Rojas eran primos de María Rojas Mercado. El 23 de agosto de 1945 Pedro José Rojas Mercado falleció intestado dejando algunos herederos.

El 6 de septiembre de 1945 Enrique Santiago Rojas y los herederos de Pedro José Rojas Mercado radicaron este pleito solicitando (1) la nulidad de los procedimientos en el pleito instituído por Clotilde Ríos contra los herederos desconocidos de María Rojas Mercado sobre otorgamiento de escritura, (2) la nulidad de la escritura otorgada por el márshal en dicho caso a favor de Clotilde Ríos, y (3) la nulidad de la escritura otorgada tres días después por Clotilde Ríos a favor de Rosario Pagán.

Si bien los demandantes en este pleito de nulidad hacen cierto número de alegaciones, incluyendo fraude en relación con la alegada venta original hecha por María Rojas Mercado a Clotilde Ríos, no ofrecieron evidencia para sostener tales alegaciones en el juicio. La única prueba presentada por los demandantes fué el récord en el caso de Ríos sobre otorgamiento de escritura de la propiedad. La única prueba ofrecida por los demandados fué el récord en el procedimiento ex parte radicado por Pedro José Rojas Mercado solicitando la declaratoria de herederos de María Rojas Mercado.

La corte de distrito dictó sentencia a favor de los demandantes. Resolvió que (a) su sentencia del 23 de marzo de 1945 ordenando el otorgamiento de una escritura sobre la propiedad, (b) la actuación del márshal al otorgar una

escritura a favor de Ríos de acuerdo con dicha orden, y (c) la escritura de Ríos a favor de Rosario Pagán, eran todas nulas. La base para tal decisión fué que la corte de distrito carecía de jurisdicción, ya que en dicho procedimiento la demanda de su faz decía que el precio de compra de la finca era $480.

No es necesario que examinemos los errores primero y segundo. En ellos los demandados alegan que la corte inferior cometió error al resolver que los demandantes en este caso eran los herederos de María Rojas Mercado y que tenían la capacidad necesaria para instituir este pleito. Hubo suficiente evidencia en el procedimiento de declaratoria de herederos para justificar el resolver que por lo menos uno de los demandantes—Pedro José Rojas Mercado—tenía derecho a radicar dicho procedimiento. Véanse los artículos 888, 910 del Código Civil, ed. de 1930.

En el tercer señalamiento los demandados alegan que la corte de distrito erró al resolver que carecía de jurisdicción en el procedimiento de otorgamiento de escritura.

██ La corte municipal tiene jurisdicción exclusiva sobre un asunto civil si la cuantía no excede de $500, siempre y cuando que, como ocurre en este caso, la cosa envuelta sea susceptible de valoración. *Estados Unidos de América* v. *Registrador,* 66 D.P.R. 433; *Fermaint* v. *Pizá,* 60 D.P.R. 458; *Pujals Carlo* v. *Corte,* 40 D.P.R. 92. Sin embargo, los demandados sostienen que el presente caso cae dentro de una excepción a esta doctrina, establecida en *García* v. *El Registrador de Guayama,* 23 D.P.R. 426, y *Ecobar* v. *Registrador,* 55 D.P.R. 193. Estos casos resuelven que si entre los herederos existen menores, un pleito sobre otorgamiento de escritura debe radicarse ante la corte de distrito, aun cuando la propiedad envuelta tenga un valor menor de $500.

No podemos convenir con los apelantes por dos motivos. En primer lugar, del récord en el procedimiento de declaratoria de herederos se desprende que los supuestos here-

deros eran ambos adultos. Toda vez que ninguno de ellos era menor de edad, la jurisdicción de la corte municipal era exclusiva y los casos de *García* y *Escobar* no son de aplicación.

En segundo lugar, los casos de *García* y *Escobar* fueron resueltos erróneamente. Según indica la opinión disidente en el de *García,* basada en lo ya resuelto en *Flores* v. *El Registrador,* 19 D.P.R. 1020, solamente en casos de venta voluntaria se exige la autorización de la corte de distrito para vender el interés de un menor en bienes inmuebles. No hay razón alguna por qué un menor que está debidamente representado no pueda ser demandado ante la corte municipal sobre otorgamiento de una escritura de propiedad que vale menos de $500. En tal caso la propiedad es traspasada a tenor con una sentencia de la corte y no mediante venta voluntaria. Y, a nuestros fines, dicha sentencia no es diferente a una sentencia por dinero.

Además, la doctrina hasta ahora existente no es satisfactoria debido a la incertidumbre que crea. Un demandante con una causa de acción contra herederos desconocidos por otorgamiento de escritura sobre una propiedad valorada en menos de $500, no tiene medios de cerciorarse a qué corte debe acudir. Él y sus sucesores no deben venir obligados a correr el riesgo de que herederos descubiertos posteriormente puedan con éxito alegar que no se radicó la demanda en la corte correspondiente. El demandante tiene derecho a saber cuando se propone radicar su demanda qué corte es la que tiene jurisdicción.

En vista de las anteriores consideraciones, se revocan expresamente los casos de *García* y *Escobar,* y se restituye la doctrina establecida en *Flores* v. *El Registrador,* supra.

La corte de distrito no cometió error al resolver que actuó sin jurisdicción en el procedimiento sobre otorgamiento de escritura.

■ El cuarto señalamiento es que la corte de distrito cometió error al dictar una nueva sentencia *nunc pro tunc* concediendo a los demandantes honorarios de abogado luego de haber apelado los demandados. La sentencia a favor de los demandantes, de fecha 22 de septiembre de 1947, decía específicamente que no se concedían honorarios de abogado. Los demandados radicaron su escrito de apelación el 29 de septiembre de 1947. El 8 de octubre de 1947 la corte de distrito dictó una sentencia *nunc pro tunc* concediéndole a los demandantes $100 para honorarios de abogado. Los demandados alegan correctamente que mientras el caso estaba pendiente en apelación ante este Tribunal, la corte de distrito no tenía jurisdicción para conceder honorarios de abogado. *Guilhon & Barthelemy* v. *Corte,* 64 D.P.R. 303. La corte de distrito erró al conceder $100 para honorarios de abogado mientras estaba pendiente el recurso de apelación.

■■ El quinto señalamiento es que la corte de distrito cometió error al declarar nula la escritura a favor de Rosario Pagán por el fundamento de que éste era un tercero. No podemos convenir con esta contención de los apelantes. Si bien la escritura otorgada por el márshal a favor de Ríos no consta del récord, la sentencia provee de su faz que el precio de venta era de $480. Y el diligenciado del márshal dice que él otorgó la escritura de conformidad con la sentencia. No tenemos que determinar si el márshal venía obligado a incluir una copia literal de la sentencia en la escritura. *Cf. Archilla* v. *Registrador,* 61 D.P.R. 50; *Vázquez* v. *El Registrador,* 19 D.P.R. 1133; *Ortiz* v. *El Registrador,* 22 D.P.R. 339; *Ramis* v. *El Registrador de la Propiedad,* 11 D.P.R. 265; *Manrique* v. *Registrador,* 33 D.P.R. 544; *De León* v. *Pérez,* 54 D.P.R. 215. Pero el artículo 9 de la Ley Hipotecaria exige que una escritura exprese el valor del derecho que se inscribe. En su consecuencia, existe la presunción, que no ha sido controvertida, de que el márshal dió cumplimiento al artículo 9 e incluyó en la escritura una cons-

434

tancia de que el precio de venta era de $480. Pagán, quien adquirió de Ríos, estuvo por tanto sobre aviso, mediante la escritura inscrita otorgada por el márshal a Ríos, de que el título de Ríos era nulo, ya que lo obtuvo a tenor con una sentencia de la corte de distrito que de su faz era nula. Véanse *De León* v. *Pérez,* supra, artículos 33, 34 de la Ley Hipotecaria y artículo 242, Código de Enjuiciamiento Civil, ed. de 1933.

El sexto señalamiento nada nuevo contiene excepto en cuanto a las costas. Toda vez que el caso fué correctamente resuelto a favor de los demandantes, la corte inferior no erró al imponérselas a los demandados.

*La sentencia de la corte de distrito será modificada eliminándole los honorarios de abogado. Así modificada, se confirmará.*