Sánchez, Recurrente, v. El Registrador de la Propiedad, Recurrido.

Recurso gubernativo contra nota del Registrador de la Propiedad de Aguadilla denegando la inscripción de una escritura de división de comunidad de bienes.

No. 200.—Resuelto en diciembre 4, 1914.

Comunidad de Bienes—División de Bienes de Menores Representados por su Madre—Autorización Judicial.—El artículo 229 del Código Civil, enmendado por la Ley No. 33 de marzo 9, 1911, no es aplicable a una división de bienes en comunidad en que están interesados menores de edad, pues dicha división se rige por el artículo 413 en relación con el 1027 de dicho Código.

ID.—DIVISIÓN DE COMUNIDAD DE BIENES DE MENORES REPRESENTADOS POR LA
MADRE—AUTORIZACIÓN JUDICIAL.—De acuerdo con el artículo 1027 del Código
Civil aplicable a la división de bienes poseídos en comunidad por precepto
del artículo 413 del mismo Código, no es necesaria la autorización judicial
para llevar a cabo una división de bienes poseídos en comunidad por menores
de edad, cuando éstos están representados por el padre o madre.

ID.—DIVISIÓN DE COMUNIDAD DE BIENES—VIGENCIA DEL ARTÍCULO 1027 DEL CÓDIGO
CIVIL.—El artículo 1027 del Código Civil no ha sido derogado por la sección
3 de la ley de marzo 9, 1911.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. Manuel Paz Urdaz.*

El registrador Sr. Rafael Tirado Verrier compareció por
escrito en nombre propio.

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del
tribunal.

Se trata de recurso gubernativo interpuesto por Silverio
Sánchez Rodríguez contra nota denegatoria de inscripción
por el Registrador de la Propiedad de Aguadilla de escri-
tura pública No. 151, otorgada por el Sánchez Rodríguez y
otros en el pueblo de Hatillo a 12 de julio de 1914 ante el
Notario Don Manuel Paz Urdaz sobre división de comuni-
dad de bienes, cuya nota dice así:

"Denegada la inscripción del precedente documento por no ha-
berse obtenido por Doña Carmen García Abreu la autorización y apro-
bación judicial que requiere el artículo 229 del Código Civil vigente,
enmendado por la Ley de la Asamblea Legislativa en 9 de marzo de
1911, para adjudicar el condominio que en el crédito hipotecario que
se adjudica a Don Silverio Sánchez Rodríguez en la finca de 56 cuer-
das 99 centimos en el barrio Latorre, de Lares, interesan los me-
nores hijos de aquélla, Doña Cruz, Víctor Manuel, María Cristina,
Eduardo Fausto, Ana Amelia y Georgina González García; tomándose
en su lugar anotación preventiva que ordena la ley por el término le-
gal, a favor de Don Silverio Sánchez Rodríguez, al folio 4 del tomo 39
de Lares, finca número 475 triplicado, anotación letra A. Aguadilla,
septiembre 28 de 1914. El Registrador, (Fdo.) Rafael Tirado Ve-
rrier."

Según reza la escritura de referencia, Silverio Sánchez
Rodríguez compró a Gregorio y Antonia González García, a

cada uno de ellos, un condominio representado por un octavo, dos octavos en conjunto, o sea una cuarta parte de una finca rústica de 135 cuerdas según el título de adquisición, y de 136.72 cuerdas según mensura, radicada en los barrios de Carrizales y Capáez del término municipal de Hatillo, y también compró a los mismos Gregorio y Antonia González García la participación de $360.20⅝ que cada uno de éstos tenía en un crédito hipotecario constituído por Juan Ríos Gavino a favor de Pedro Regalado González García, sobre una finca rústica de la propiedad de éste compuesta de 56.99 cuerdas radicada en el barrio Latorre del pueblo de Lares, cuyo crédito ascendente en su origen a $5,500, había quedado reducido mediante pagos parciales a $2,881.65.

Los menores Cruz, Víctor Manuel, María Cristina, Eduard Fausto, Ana Amelia y Georgina, representados en el acto del otorgamiento de la escritura por su madre Carmen García viuda de Pedro Regalado González García, adquirieron cada uno de ellos por herencia de su absuela paterna María García Díaz, un condominio representado por una octava parte o sea en conjunto seis octavas partes que representan tres cuartos de la finca del término municipal de Hatillo en que Silverio Sánchez Rodríguez, según dejamos dicho, adquirió la otra cuarta parte de Gregorio y Antonia González García; y por herencia de Pedro Regalado González García se adjudicó en común proindiviso por partes iguales a sus seis hijos ya mencionados en unión de los dos nombrados Gregorio y Antonia, el crédito hipotecario de Juan Ríos Gavino que entonces había quedado reducido a $4,201.60 y después se limitó a $2,881.65.

De lo expuesto resulta que Silverio Sánchez García es dueño de una cuarta parte de la finca de Hatillo y que tiene igual participación de una cuarta parte en el crédito hipotecario contra Juan Ríos Gavino, pendiente de cobro, mientras que los seis menores representados por Carmen García, son dueños de las tres cuartas partes restantes de la finca y del crédito.

Con el propósito de poner fin al condominio se otorgó la escritura No. 151 de 12 de julio de 1914, mediante cuya escritura estipulan las partes que Silverio Sánchez García sea dueño absoluto del crédito hipotecario ascendente a $2,881.65 y de una parcela de terreno de 13 cuerdas 12 céntimos que se describe y separa de la finca del término municipal de Hatillo, quedando dueños los seis menores representados por su madre Carmen García, de seis porciones de terreno que también se precisan y determinan, y sin participación alguna en el crédito hipotecario de que antes eran condueños.

Tomando en consideración los hechos expuestos, veamos cuál es el derecho aplicable al caso, si el artículo 229 del Código Civil tal como quedó enmendado por la Ley No. 33 de 9 de marzo de 1911, según sostiene el registrador recurrido, o los artículos 413 y 1027 del mismo código, según afirma la parte recurrente.

Los artículos que dejamos citados dicen así:

"Artículo 229.—El ejercicio de la patria potestad no autoriza al padre ni la madre para enajenar o gravar bienes inmuebles de clase alguna, o muebles cuyo valor exceda de quinientos dollars, pertenecientes al hijo, y que estén bajo la administración de aquéllos, sin previa autorización de la corte de distrito en que los bienes radiquen, previa comprobación de la necesidad o utilidad de la enajenación o el gravamen, y de acuerdo con lo dispuesto en los artículos 80, 81 y 82 de la ley referente a procedimientos legales especiales.

  *   *   *   *   *   *

"Artículo 413.—Serán aplicables a la división entre los partícipes en la comunidad, las reglas concernientes a la división de la herencia.

"Artículo 1027.—Cuando los menores de edad estén sometidos a la patria potestad y representados en la partición por el padre y en su caso por la madre, no será necesaria la intervención ni la aprobación judicial."

Como se ve el artículo 229 regula la enajenación de bienes inmuebles o muebles en cuantía superior a $500 pertenecientes a menores constituídos bajo patria potestad y exije para aquella autorización judicial previa justificación de necesidad o utilidad, mientras que el artículo 413 gobierna la

división entre los partícipes en la comunidad, ordenando les sean aplicables las reglas concernientes a la división de la herencia, entre cuyas reglas figura la del artículo 1027 expresiva de que cuando los menores estén representados en la partición por el padre y en su caso por la madre no será necesaria la intervención ni la aprobación judicial.

El artículo 229 se refiere por modo especial a la enajenación de bienes de menores, y el 413 también por modo especial a la división entre los partícipes en la comunidad, la cual existe según el artículo 399, cuando la propiedad de una cosa o de un derecho pertenece proindiviso a varias personas, cada una de las cuales, según el artículo 407, podrá pedir en cualquier tiempo que se divida la cosa común, cuya división, según el artículo 409, podrá hacerse por los mismos interesados o por árbitros o amigables componedores nombrados a voluntad de los partícipes.

En el presente caso la escritura No. 151 de 12 de julio de 1914 no tiene por objeto la enajenación de las participaciones de condominio que a Silverio Sánchez Rodríguez y seis menores representados por su madre corresponden en común y proindiviso en el crédito hipotecario y finca rústica de que se trata, sino el cese de la comunidad. Es verdad que para el cese de toda comunidad de bienes se hace necesaria una enajenación, pues si ha de cesar el condominio es indispensable que cada comunero se desprenda de la participación indivisa que tiene en la cosa común para venir a adquirir una porción fija, concreta y determinada; pero ello no es razón para que se dé aplicación a preceptos del Código Civil que como el contenido en el artículo 229 no regula la división de la comunidad, la cual como hemos dicho, se rige por preceptos especiales que el legislador tuvo a bien establecer en el Título III de Libro II del Código Civil, artículos 399 a 413.

En toda herencia hay comunidad de bienes y derechos, comunidad que cesa mediante las operaciones divisorias entre los partícipes, dejando de ser dueños los herederos de

lo que antes les correspondía en común y proindiviso para adquirir bienes determinados hereditarios.  Si para la partición de herencia en que hay menores interesados no es necesaria la intervención ni la aprobación judicial cuando aquéllos están representados por el padre y en su caso por la madre, en virtud de lo dispuesto en el artículo 1027, tampoco esa intervención o aprobación puede requerirse para la división de una comunidad de bienes en que hay menores interesados, como en el caso de que se trata, y están representados por su madre.  El artículo 413 es claro y terminante.

El artículo 1027 no ha sido derogado por la sección 3ª. de la ley de 9 de marzo de 1911, según alega el registrador, por cuanto esa ley se refiere a materia legal enteramente distinta de la regulada por aquel artículo.

Por las razones expuestas es de revocarse la nota recurrida.

*Revocada la nota recurrida.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.