RAFAEL D. MILÁN, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE SAN GERMÁN, recurrido.

No. 802.—*Sometido:* Febrero 21, 1930. *Resuelto:* Mayo 31, 1930.

J. A. *Surís,* abogado del recurrente; el registrador recurrido compareció por escrito.

El Juez Asociado Señor Wolf, emitió la opinión del tribunal.

Había una comunidad de bienes en que el recurrente Rafael D. Milán era dueño de 13/14 partes de la finca, y dos menores de una décimocuarta parte. La madre de los menores, pretendiendo actuar en el ejercicio de la patria potestad, traspasó la participación de ellos a Rafael D. Milán por $150. Las partes fijaron el precio de toda la finca en $1,950. La escritura en que se hizo el traspaso fué titulada "División de Comunidad." El registrador de la propiedad se negó a inscribir, substancialmente, por los fundamentos de que si bien se designó la transacción como una "división," era en efecto una terminación de la comunidad existente entre los menores y un tal Milán; y porque era una venta de la participación de los menores; que a virtud del artículo 229 del Código Civil, para efectuar tal venta era necesaria la previa autorización judicial. Las partes han discutido otras cuestiones que no hallamos necesario considerar.

Estamos muy de acuerdo con el registrador en que lo que se trató de hacer fué una enajenación o venta de la participación de los menores. No hubo una división de las tierras, y dichos menores, por mediación de la madre, trataron de vender su décimocuarta parte. El artículo 229 del Código Civil, tal como fué enmendado, dispone:

"El ejercicio de la patria potestad no autoriza al padre ni la madre para enajenar o gravar bienes inmuebles de clase alguna, o muebles cuyo valor exceda de quinientos dollars, pertenecientes al hijo, y que están bajo la administración de aquéllos, sin previa autorización de la corte de distrito en que los bienes radiquen, previa

comprobación de la necesidad o utilidad de la enàjenación o el ·gravamen, y de acuerdo con lo dispuesto en los artículos 80, 81 y 82 de la ley referente a procedimientos legales especiales.

"No obstante lo dispuesto en el párrafo anterior, no será necesaria la autorización judicial para la venta de frutos de una finca rústica, en su última cosecha.

"Para otorgar contratos de arrendamiento de bienes inmuebles, inclusos los de refacción agrícola y molienda de cañas autorizados por la Ley de 10 de marzo de 1910, por un término mayor de seis años, será también indispensable la autorización requerida en el párrafo anterior; pero en ningún caso el arrendamiento o contrato podrán efectuarse, ni la autorización concederse para el arrendamiento por un período de tiempo que exceda del que falte al menor, no incapacitado por otra causa, para cumplir su mayoridad."

Este precepto era obligatorio para las partes. y para el registrador.

*Debe confirmarse la nota recurrida.*