Raul Mercado Rodríguez, recurrente, v. El Registrador de la Propiedad de San Germán, recurrido.

No. 816.—*Sometido:* Agosto 1, 1930. *Resuelto:* Noviembre 10, 1930.

*Nazario & García Méndez,* abogados del recurrente; el registrador recurrido compareció por escrito.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

El 21 de junio de 1930 comparecieron ante notario público Emilia, Matilde y Raúl Mercado Rodríguez, y Juan Mercado Nazario, como padre con patria potestad sobre y en representación de sus hijos menores Humberto, Alejandro y Olga Mercado y Rodríguez, y expusieron que los hermanos Mercado Rodríguez eran dueños en común y pro indiviso de una casa situada en San Germán, que adqurieron por herencia de su abuelo, Don Ignacio Rodríguez, y que no deseando el compareciente Raúl continuar la comunidad existente entre él y sus demás hermanos, habían convenido, tratándose como se trataba de una finca materialmente indivisible, en adjudicarla a Raúl, obligándose éste a satisfacer en metálico a los demás condueños el precio de sus condominios. Y, llevando a efecto el contrato, Emilia y Matilde, por su propio derecho, y Humberto, Alejandro y Olga, representados por su padre con patria potestad sobre los mismos, convinieron en que se adjudicara y en efecto adjudicaron a Raúl la finca por el precio de mil doscientos dólares recibiendo doscientos cada uno de los adjudicatarios.

Presentada la escritura para su inscripción, el registrador la negó en cuanto a los menores, en resumen, porque tratándose de una verdadera enajenación de bienes de menores, el contrato no se había celebrado de acuerdo con la ley, citando el caso de *Milán* v. *Registrador,* 41 D.P.R. 98.

No conforme los interesados establecieron el presente recurso gubernativo. El alegato de su abogado en apoyo del

recurso estudia cuidadosamente la cuestión envuelta y contiene argumentos de peso en pro de la validez del contrato celebrado. Sin embargo, nos vemos obligados a confirmar la nota.

Es cierto que esta misma Corte Suprema, en el caso de *Sánchez v. Registrador,* por medio del Juez Presidente Sr. Hernández, dijo:

"En el presente caso la escritura No. 151 de 12 de julio de 1914 no tiene por objeto la enajenación de las participaciones de condominio que a Silverio Sánchez Rodríguez y seis menores representados por su madre corresponden en común y pro indiviso en el crédito hipotecario y finca rústica de que se trata, sino el cese de la comunidad. Es verdad que para el cese de toda comunidad de bienes se hace necesaria una enajenación, pues si ha de cesar el condominio es indispensable que cada comunero se desprenda de la participación indivisa que tiene en la cosa común para venir a adquirir una porción fija, concreta y determinada; pero ello no es razón para que se dé aplicación a preceptos del Código Civil que como el contenido en el artículo 229 no regula la división de la comunidad, la cual como hemos dicho, se rige por preceptos especiales que el legislador tuvo a bien establecer en el Título III del Libro II del Código Civil, artículos 399 a 413.

"En toda herencia hay comunidad de bienes y derechos, comunidad que cesa mediante las operaciones divisorias entre los partícipes, dejando de ser dueños los herederos de lo que antes les correspondía en común y pro indiviso para adquirir bienes determinados hereditarios. Si para la partición de herencia en que hay menores interesados no es necesaria la intervención ni la aprobación judicial cuando aquéllos están representados por el padre y en su caso por la madre, en virtud de lo dispuesto en el artículo 1027, tampoco esa intervención o aprobación puede requerirse para la división de una comunidad de bienes en que hay menores interesados, como en el caso de que se trata, y están representados por su madre. El artículo 413 es claro y terminante.

"El artículo 1027 no ha sido derogado por la sección 3ª. de la ley de 9 de marzo de 1911, según alega el registrador, por cuanto esa ley se refiere a materia legal enteramente distinta de la regulada por aquel artículo." 21 D.P.R. 478, 482.

Y es cierto de igual modo que esa doctrina fué aplicada y

ratificada en el caso de *Martínez* v. *Registrador,* 23 D.P.R. 356, pero también lo es que en el caso posterior de *Del Rosario* v. *Rucabado,* 23 D.P.R. 473, en el cual, distinguiendo los actos de partición de los de pura enajenación, se había dicho: "Son dos casos distintos y para ambos fijó el legislador ciertos trámites tendentes a asegurar el derecho del menor," al conocer la corte el caso de *Longpré* v. *Díaz,* 237 U. S. 512, decidido por la Corte Suprema de los Estados Unidos, reconsideró su criterio y de modo definitivo adoptó el de que no importaba que la adjudicación para pago de deudas se hiciera en la partición de la herencia para que constituyendo, como constituía, una verdadera adjudicación, dejara de aplicársele la ley relativa a la venta de bienes de menores si eran éstos partícipes en la herencia. *Del Rosario* v. *Rucabado,* 23 D.P.R. 473.

Desde entonces, el caso de Longpré, *supra,* ha sido aplicado con todas sus consecuencias o derivaciones muchas veces por esta corte, decidiéndose últimamente el recurso de *Milán* v. *Registrador, supra,* que, por más esfuerzos que se hagan, no puede distinguirse en su esencia del presente. En él quedó establecida, copiando del resumen, la siguiente doctrina:

"Cuando existe una comunidad de bienes y la madre de dos menores—dueños éstos de una participación en la finca así poseída en común—traspasa dicha participación al otro condómino, esto no es una división de la comunidad sino una enajenación, aun cuando se designe la transacción—traspaso—como una división de comunidad."

*Debe confirmarse la nota recurrida.*

El Juez Asociado Señor Texidor no intervino.