Herminia Burset, recurrente, *v.* El Registrador de la Propiedad de Humacao, recurrido.

No. 964.—*Sometido:* Noviembre 4, 1935. *Resuelto:* Noviembre 13, 1935.

*F. González Fagundo* y *Burset & Pérez Pimentel,* abogados de la recurrente; el registrador recurrido compareció por escrito.

El Juez Asociado Señor Córdova Dávila, emitió la opinión del tribunal.

Herminia Burset y la sucesión de Manuel Ortiz promovieron demanda sobre disolución de comunidad de bienes contra la sucesión de José Manuel Anguita, de la cual forma parte el menor de edad José Manuel Anguita, representado por su madre con patria potestad Marina Salas. Se dictó

sentencia declarando que el bien poseído en comunidad, que consiste en una casa, es indivisible, y se decretó la división de la misma ordenando su venta en pública subasta por un precio mínimo de $3,000. Notificadas las partes interesadas de la sentencia, acudieron todas ellas ante la misma corte alegando que se habían puesto de acuerdo para vender dicha propiedad a la comunera Herminia Burset, por la suma de $2,700, por entender que la cantidad de tres mil dólares era un poco elevada.

El menor José Manuel Anguita fué representado en esta comparecencia por su madre Marina Salas viuda de Anguita. Se pidió a la corte que aprobara la estipulación referida por tratarse de derechos de menores y que la sentencia sirviera como autorización judicial para efectuar la venta. La Corte de Distrito dictó sentencia autorizando la venta solicitada, fijando el valor de la finca en $2,700 y ordenando además que la sentencia hiciera las veces y sirviera como autorización judicial para efectuar dicha venta por las personas a cuyo cargo estaban los menores interesados. De conformidad con la sentencia dictada la Sra. Marina Salas viuda de Anguita, por sí y en representación de su hijo José Manuel Anguita, vendió a Herminia Burset la participación de una mitad que le correspondía en el inmueble por el precio de $1,350.

Presentada en el Registro de la Propiedad de Humacao dicha escritura, junto con copia certificada de la estipulación de las partes y de la sentencia dictada por la Corte de Distrito de Humacao, el Registrador denegó la inscripción respecto a la venta del derecho del menor José Manuel Anguita, porque dicha venta se hizo sin previa subasta pública y demás requisitos para enajenar bienes de menores que estatuye el art. 159 del Código Civil, ed. 1930, en relación con la ley sobre procedimientos legales especiales, y además porque la sentencia que sirve de base a la venta no autoriza expresamente la enajenación del condominio del expresado menor en el solar propio en que enclava la casa objeto de la sentencia.

Dos son los errores que se atribuyen al Registrador de la Propiedad. Se alega que dicho Registrador cometió error al aplicar a este caso el art. 159 del Código Civil en vez de aplicar el 338 del referido cuerpo legal y al denegar la inscripción por no haberse hecho uso de la ley de procedimientos legales especiales.

■■ Admite la recurrente que el artículo 159 del Código Civil no autoriza al padre ni a la madre para enajenar o gravar bienes inmuebles de menores de edad sin autorización judicial, previa la comprobación de la necesidad y utilidad de la venta, y que para dar cumplimiento a este precepto sustantivo es necesario el trámite que marcan los artículos 80, 81 y 82 de la ley sobre procedimientos legales especiales (Comp. 1619-1621), pero añade que estos artículos solamente son aplicables a las ventas que voluntariamente tratan de hacer los menores, representados por su padre o madre con patria potestad o por el tutor, pero no a aquellas que surgen forzosamente de acuerdo con el artículo 338 del Código Civil, que dice así:

"Cuando la cosa común fuere esencialmente indivisible y los condueños no convinieren en que se adjudique a uno de ellos, indemnizando a los demás, se venderá y repartirá su precio."

Arguye la recurrente que si se decreta la subasta pública correrá el riesgo de perder el derecho que le concede el artículo 338 de adquirir la propiedad, porque podrían presentarse postores que le privaran de ese derecho. Es verdad que los comuneros pueden convenir que se adjudique a uno de ellos la propiedad poseída en común, pero para esto es necesario el consentimiento unánime de acuerdo con las disposiciones prescritas por la ley. Y la ley, en el caso de menores, prescribe que cuando se trate de vender bienes inmuebles, se obtenga la autorización judicial y que la subasta se verifique ante el márshal del tribunal. Para que el menor

pueda prestar su consentimiento, es necesario que se cumplan las disposiciones de la ley. Si éstas quedan incumplidas, no puede decirse que legalmente se haya prestado el consenti-miento. El menor carece de autoridad para consentir que se adjudique la finca a uno de los comuneros, toda vez que no puede prescindir de la venta al mejor postor mediante subasta pública. Nos hallamos, por lo tanto, en el caso pre-visto por el artículo 338 del Código Civil, que dispone la venta de la cosa en común cuando fuese esencialmente indivisible y los condueños no hubiesen convenido la adjudicación a uno de ellos. Así lo ordenó la corte originalmente, disponiendo que la finca fuese vendida en pública subasta. Así debe hacerse, para garantir los derechos del menor, que legalmente no ha prestado su consentimiento, aunque los demás con-dueños se hayan puesto de acuerdo para venderle la pro-piedad a la recurrente. No se trata en este caso de una división de la cosa poseída en común, sino de una enajena-ción completa de todo el interés del menor en la propiedad. Para la división de la cosa común, no necesitan los menores de la aprobación judicial y la subasta pública, cuando están representados por el padre, o, en su caso, por la madre (*Sán-chez* v. *Registrador,* 21 D.P.R. 478) ; pero sí la necesitan para enajenar su participación en la propiedad. En este caso el menor aparece vendiendo a la recurrente toda su participa-ción en la cosa común. Y si para vender a un extraño, o a uno de los comuneros, cuando los demás no están conformes, es necesaria la aprobación judicial y la subasta pública para que el menor pueda enajenar su participación, también deben ser necesarios estos requisitos cuando los demás comuneros, con excepción del menor, que no puede consentir legalmente, convienen en que se adjudique la propiedad a uno de los comuneros.

*Debe confirmarse la nota recurrida.*