RAFAEL APONTE RAMÍREZ y JUANA ARZUAGA MILIÁN, conocida por JUANA ARZUAGA RAMOS, como madre con patria potestad de sus hijos menores de edad, MIGUEL, ENA y MARINA RAMOS ARZUAGA, recurrentes, *v.* EL REGISTRADOR DE LA PROPIEDAD DE CAGUAS, recurrido.

Núm. 1069.—*Sometido:* Mayo 13, 1940. *Resuelto:* Mayo 23, 1940.

*R. Calderón Rodríguez* y *Ramón Meléndez Lima,* abogados de los recurrentes; el registrador recurrido no compareció.

E<small>L</small> J<small>UEZ</small> P<small>RESIDENTE</small> S<small>EÑOR</small> D<small>EL</small> T<small>ORO</small> emitió la opinión del tribunal.

El presente es un recurso gubernativo en el que está envuelta la cuestión de si cierta división de una comunidad es en realidad una venta de bienes inmuebles de menores.

El 15 de febrero de 1940, en Caguas, comparecieron ante notario público Rafael Aponte y su esposa Juana Delgado, de una parte, y de la otra, Juana Arzuaga como madre con patria potestad sobre sus menores hijos Miguel, Ena y Marina Ramos.

Expusieron que los comparecientes de la primera parte eran dueños de cinco octavas partes indivisas de cierto solar y los comparecientes de la segunda parte o sean los menores, eran dueños cada uno de una octava parte indivisa del solar, en junto, ocho octavos, o sea el solar en su integridad; que ambas partes habían resuelto dividir la comunidad y que tratándose de un bien indivisible se acogían a los artículos 413 y 1027 del Código Civil—340 y 1013 de la edición de 1930—y a la jurisprudencia de esta Corte Suprema establecida en los casos de *Sánchez* v. *Registrador,* 21 D.P.R. 478 y *Martínez* v. *Registrador,* 23 D.P.R. 356.

Al efecto otorgaron valorar la finca en ochocientos cincuenta dólares y adjudicarla a los comuneros esposos Aponte-Delgado con la obligación de pagar a cada uno de los otros comuneros los menores Miguel, Ena y Marina Ramos la suma de ciento seis dólares veinticinco centavos, tomando Aponte ''posesión de la totalidad de la dicha finca urbana adjudicádale en esta división de comunidad.''

Se hizo constar además en el documento que Aponte pagó en efectivo en presencia del notario a la señora Arzuaga, en su carácter de madre con patria potestad sobre los menores, el precio de los condominios de sus hijos, otorgando ella la correspondiente carta de pago.

Presentado el documento para su inscripción en el registro, el registrador la negó, como sigue:

"Denegada la inscripción del precedente documento, y tomada en su lugar anotación preventiva por 120 días a favor de don Rafael Aponte Ramírez, al folio 126 del tomo 196 de Caguas, finca núm. 2738, dup., anotación letra C, por resultar del documento que el contrato en sí, envuelve un acto de enajenación de condominios indivisos que en el inmueble corresponden a los menores Miguel, Ena y Marina Ramos Arzuaga, representados por su señora madre con patria potestad, Juana Arzuaga Milián, conocida por Juana Arzuaga Ramos, y no una división de comunidad como dice el documento, sin que la madre con patria potestad sobre dichos menores haya obtenido la correspondiente autorización judicial de la corte de distrito, requerida por el artículo 159 del Código Civil de Puerto Rico, edición de 1930, según ha sido interpretado por el Tribunal Supremo de Puerto Rico, en el caso de *Burset, recurrente,* v. *Registrador de la Propiedad, recurrido,* Tomo 49, D.P.R., página 49. Caguas, a 30 de bril de 1940. (fdo.) L. Abella, Registrador."

En su alegato los recurrentes sostienen que:

"La adjudicación en este caso, si bien tiene el carácter de una enajenación, no es esencialmente una venta, y en ella no se exige autorización judicial para llevar a cabo la división de la comunidad, en la forma en que ha sido realizada. *Sánchez* v. *Registrador de la Propiedad,* 21 D.P.R. 478; y *Martínez et al.* v. *El Registrador de Caguas,* 23 D.P.R. 356.

"Y finalmente sostenemos que tratándose como se trata en el presente caso, de una división de comunidad de bienes, son a ella aplicables las reglas concernientes a la división de la herencia. Art. 340 del Código Civil, supra."

██ Tras un estudio detenido del caso creemos que tiene razón el registrador, siéndole estrictamente aplicables los principios establecidos en el de *Burset* v. *Registrador,* 49 D.P.R. 49, a saber:

"Si bien para la división de la cosa común no necesitan los menores de la aprobación judicial y de la subasta pública cuando están representados por el padre, o, en su caso, por la madre, sí la necesitan para enajenar su participación en la propiedad."

"Cuando ordenada la venta de una propiedad bajo el Artículo 338 del Código Civil—en la cual interviene un menor como copartícipe que no puede legalmente consentir—los demás comuneros con-

vienen en que se adjudique la propidad a uno de ellos, la venta debe llevarse a cabo de acuerdo con las disposiciones de la ley que exigen además de la aprobación judicial el requisito de la pública subasta.''

La jurisprudencia quedó ratificada en el caso de *Costa* v. *Piazza,* 51 D.P.R. 689, 702, en el que se estudia con amplitud la cuestión, se analizan los casos de *Sánchez* v. *Registrador,* supra, y *Martínez* v. *Registrador,* supra, se hace referencia a las decisiones de la Corte Suprema Federal en *Longpré* v. *Díaz y Quiñones,* 237 U. S. 512, y de esta Corte Suprema en *Del Rosario* v. *Rucabado, et al.,* 23 D.P.R. 473, y se dice:

"Posteriormente, en *Milán* v. *Registrador,* 41 D.P.R. 98, en *Mercado* v. *Registrador,* 41 D.P.R. 522, y en *Burset* v. *Registrador,* 49 D.P.R. 49, esta corte sostuvo que la adjudicación de una finca poseída en común, a uno de los comuneros, no es una división de la comunidad y sí una enajenación de la propiedad, para la validez de la cual se necesita la autorización judicial y la subasta pública que requiere el artículo 388 del Código Civil, cuando alguno de los comuneros sea menor de edad.''

*Debe declararse el recurso sin lugar y confirmarse la nota recurrida.*