West India Oil Co. (P.R.), demandante y apelada, *v.* Rosalinda Feliciana, Raquel Vicenta y Lydia Amada Martínez y del Moral, representadas por su padre con patria potestad, Angel Martínez, y Rafael Blanch, demandados y apelante el último.

Núm. 8113.—*Sometido:* Junio 6, 1940.—*Resuelto:* Octubre 29, 1940.

*Enrique Báez García,* abogado del apelante; *José Carbia Miranda,* abogado de la apelada; *José Sabater,* abogado de las codemandadas Martínez del Moral.

El Juez Asociado Señor Wolf emitió la opinión del tribunal.

La West India Oil Co. (P.R.), dueña en común pro indiviso de un solar radicado en las Calles Betances, Santiago

R. Palmer y Once de Agosto, de la ciudad de Mayagüez, radicó un pleito sobre resolución de comunidad de bienes. Según las alegaciones de la demanda, aceptadas por los demandados, ¾ partes de dicho solar pertenecen a la demandante, ⅛ a Rafael Blanch, y el otro octavo en común a Rosalinda Feliciana, Raquel Vicenta y Lydia Amada Martínez del Moral. Las codemandadas Martínez del Moral convinieron en la división del solar luego de dictarse una sentencia *pro confesso* contra ellas. Al mismo tiempo radicaron una moción solicitando de la corte estableciera definitivamente en la sentencia que pudiera dictar, las participaciones pertenecientes a cada una de las partes. En esta moción aceptaron que ¾ partes de la finca pertenecían a la corporación demandante, mas alegaron que la mitad del cuarto restante, es decir, ⅛ de la propiedad les pertenecía, y que del octavo restante ⅔ partes de dicho octavo pertenecían a Rafael Blanch, y que el título de la otra tercera parte de la octava parte de la totalidad del solar está en litigio ante la Corte Suprema de Puerto Rico en la apelación interpuesta contra una decisión de la Corte de Distrito de Mayagüez, dictada en diciembre 8 de 1938, en el caso civil núm. 519 a favor de las referidas menores Rosalinda Feliciana, Raquel Vicenta y Lydia Amada Martínez del Moral contra Antonio Vivaldi Pacheco y Rafael Blanch, sentencia que concedió a las referidas demandantes el derecho a retraer dicho condominio de la tercera parte de una octava parte.

Las demandadas solicitaron de la corte en su referida moción, que al dictar sentencia hiciera constar definitivamente la proporción en que eran condueñas las comparecientes demandadas y el demandado Rafael Blanch y dispusiera que los contadores-partidores separaran la tercera parte de la octava parte del solar en cuestión y que dicha porción fuera definitivamente adjudicada de conformidad con la decisión que dictara el Tribunal Supremo de Puerto Rico en el recurso de apelación que estaba pendiente.

El otro demandado, Rafael Blanch, radicó una moción para eliminar y una excepción previa, que fueron declaradas sin lugar, dictándose sentencia *pro confesso* en su contra.

La corte dictó sentencia decretando la partición y nombró un representante para cada una de las partes, a fin de que hicieran la distribución material de la finca. Dos meses más tarde los citados representantes radicaron un laudo ante la corte, en que hacían constar que a su juicio era imposible dividir la referida finca en tal forma que resultara justa para todas las partes interesadas.

A moción del letrado de la demandante la corte entonces ordenó la venta en pública subasta de dicho solar, y que los tres representantes de las partes tasaran el mismo, cosa que hicieron, hallando que el solar valía $12,000. La corte entonces decretó la venta en pública subasta de la propiedad y fijó un precio mínimo de $1,500 para la octava parte perteneciente a las menores. También ordenó al márshal que:

1.—Consignara en la secretaría de la corte; una vez efectuada la venta, los $1,500 pertenecientes a las menores;

2.—Consignara en corte para las menores, la octava parte de cualquier cantidad en exceso de $12,000 que pudiera obtenerse por la propiedad;

3.—Depositara en la secretaría de la corte 1/24 del valor de la finca, equivalente a la suma de $500, correspondiente a 1/3 parte de 1/8 parte perteneciente a Rafael Blanch, el título de la cual estaba pendiente en apelación ante la Corte Suprema.

Rafael Blanch apela de dicha sentencia y señala los siguientes errores:

"1.—La Corte de Distrito de Mayagüez cometió error al ordenar que el márshal de la corte de distrito retuviera la suma de $1,500, precio mínimo de los condominios de las menores, independientemente del precio que se obtuviera en el remate.

"2.—La Corte de Distrito de Mayagüez cometió error al señalar para la venta del condominio de las menores, un precio mínimo; y

"3.—La Corte de Distrito de Mayagüez cometió error al ordenar que la suma de $500 que corresponde al condominio que está en

litigio, se quede depositado en la corte de distrito pendiente de la resolución definitiva del pleito de retracto seguido por Rosalinda Feliciana Martínez y del Moral, et als. v. Antonio Vivaldi Pacheco, et als. que está pendiente de resolución ante el Tribunal Supremo de Puerto Rico.''

Los dos primeros errores señalados envuelven la misma cuestión legal. El apelante ·sostiene que en ambos casos la corte de distrito ha hecho un discrimen en favor de las menores. Alega además que el error ha sido cometido al aplicar equivocadamente el inciso 5 del artículo 614 del Código de Enjuiciamiento Civil (ed. de 1933) que lee así:

''Artículo 614.—En todos los casos en que según el Código Civil necesitan los padres o el tutor de un menor o incapaz autorización judicial para actos o contratos que se refieren a la guarda de dicho menor o incapaz y de sus bienes, deberá presentarse la oportuna solicitud a la competente corte de distrito, haciendo constar en aquélla bajo juramento los particulares enumerados a continuación:

''.          .          .          .          .          .          .          .          .

''5.—En todo caso de venta de bienes inmuebles, y en el de bienes muebles, cuando el valor de éstos exceda de las cantidades señaladas en los artículos 229 y 282, inciso 5, del Código Civil, el precio que debe señalarse como tipo mínimo de la subasta pública de dichos bienes.''

Dicho artículo está íntimamente relacionado con el artículo 229 del Código Civil (ed. de 1911) toda vez que fija el procedimiento a seguir al aplicar este último artículo.

Este tribunal ha resuelto en los casos de *Martínez* v. *Registrador,* 23 D.P.R. 356, y *Sánchez* v. *Registrador,* 21 D.P.R. 478 (citado con aprobación en *Mercado* v. *Registrador,* 41 D.P.R. 520 y *Costa* v. *Piazza,* 51 D.P.R. 689) que el artículo 229 del Código Civil tal cual fué enmendado por la Ley núm. 33 de 1911 no es aplicable a una división de bienes en comunidad en que están interesados menores de edad, y que dicha división se rige por el artículo 413 en relación con el 1027 de dicho código.

En vista de lo anterior, el referido fallo es manifiestamente erróneo. Sin embargo, conforme resolvió este tribunal en el caso de *García* v. *Registrador,* 23 D.P.R. 426 (citado en el de *Colón* v. *Registrador,* 38 D.P.R. 653), es el deber de la corte de distrito proteger el bienestar de las menores. Esto pudo y debió haberse hecho fijando un precio mínimo para la venta de la finca en su totalidad. De ese modo los intereses de las menores estarían protegidos y al mismo tiempo no hubiera habido discriminación contra las otras partes litigantes.

Dado el convenio de las partes, incluyendo a las menores y a todos los demás, sobre la venta de la totalidad de la finca, se hace innecesario resolver definitivamente el punto sugerido en conferencia respecto a si en ausencia de tal consentimiento la propiedad pudo o no ser vendida sin fijarse un precio mínimo.

En su consecuencia, la resolución debe ser modificada ordenando al márshal que venda la propiedad en pública subasta por un precio mínimo de $12,000 de los cuales depositará en la corte la octava parte perteneciente a las menores, sujeta a su participación proporcional en las costas a pagarse.

El tercer error fué:

"3.—La Corte de Distrito de Mayagüez cometió error al ordenar que la suma de $500 que corresponde al condominio que está en litigio, se quede depositado en la corte de distrito pendiente de la resolución definitiva del pleito de retracto seguido por Rosalinda Feliciana Martínez y del Moral, et als. v. Antonio Vivaldi Pacheco, et als., que está pendiente de resolución ante el Tribunal Supremo de Puerto Rico."

Dada la resolución de esta corte en el caso número 7970, *Martínez* v. *Vivaldi,* de octubre 29, 1940 (véase la página que sigue), no hay necesidad de discutir este señalamiento.

*Por las razones anteriores la resolución apelada debe ser modificada en la forma antes expuesta y así modificada, confirmada.*

El Juez Presidente Sr. Del Toro no intervino.