ROSA EMILIA RIVERA CARDONA, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE SAN JUAN, SECCIÓN PRIMERA, recurrido.

Núm. 1103.—*Sometido:* Junio 24, 1942. *Resuelto:* Julio 21, 1942.

*Miranda & Miranda Esteve*, abogados de la recurrente; el registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del tribunal.

Pedro María Rivera Lajara falleció en San Juan dejando

como herederos a cinco hijos de su primer matrimonio, mayores de edad, y a dos hijos menores de edad y a su viuda Rosaura Rodríguez. El causante dejó como únicos bienes a repartir $800 en efectivo y una casa y solar valorados en $600 y gravada con una hipoteca de "unos $300". La viuda otorgó una escritura el 15 de abril de 1942 en la que cedió gratuitamente su derecho a la cuota usufructuaria a favor de todos los hijos y al mismo tiempo vendió su derecho a la mitad de los gananciales a Rosa Emilia Rivera, una de las hijas del primer matrimonio, mayor de edad, por la suma de $250, comprometiéndose ésta a pagar la referida hipoteca. En la misma fecha se otorgó una escritura de partición de bienes en la que comparecieron todos los herederos mayores de edad y los dos menores representados por su madre Rosaura Rodríguez. En esta escritura se le adjudicó $100 en efectivo a cada uno de los hijos y a la hija Rosa Emilia Rivera, como cesionaria de la viuda, $100 adicionales y el único inmueble dejado por el causante. En la escritura de partición se dice que no existen deudas contra la herencia "toda vez que la hipoteca que existe de *unos* trescientos dólares se obliga a pagarla doña Rosa Emilia, del derecho cedídole". Presentada esta escritura al Registro de la Propiedad de San Juan, el Registrador denegó su inscripción a virtud de la siguiente nota:

"Denegada la inscripción de la adjudicación de la finca por observarse que no se ha obtenido autorización judicial para la adjudicación en dinero efectivo que se hace a los menores Aida Argelia e Iris Ofelia Rivera Rodríguez en pago de sus derechos hereditarios; tomándose en su lugar anotación preventiva, con vistas de otros documentos. . ."

Contra esta nota presentó Rosa Emilia Rivera recurso gubernativo y sostiene que la actuación del registrador debe ser revocada pues de acuerdo con el artículo 1013 del Código Civil cuando los menores están sometidos a la patria potestad y representados en la partición por el padre y en su caso por

la madre, no será necesaria la intervención ni la aprobación judicial. En los casos de *Milán* v. *Registrador*, 41 D.P.R. 99; *Mercado* v. *Registrador*, 41 D.P.R. 521; *Burset* v. *Registrador*, 49 D.P.R. 49; *Costa* v. *Piazza*, 51 D.P.R. 689, y *Aponte* v. *Registrador*, 56 D.P.R. 834, citados por la recurrente, se resolvió que era necesaria la intervención judicial cuando en una partición se adjudicaba un inmueble a uno de los herederos y éste paga en efectivo el haber de otros herederos menores de edad; pero sostiene la recurrente que no deben aplicarse al de autos porque en ninguno de ellos se trataba de la división de bienes muebles e inmuebles y sí meramente de bienes inmuebles. No vemos por qué este hecho pueda hacer variar la cuestión legal envuelta. El alcance del artículo 1013 del Código Civil, supra, quedó limitado desde el año 1917 al aprobarse la sección 71-A de la Ley de Procedimientos Legales Especiales, hoy el artículo 605 del Código de Enjuiciamiento Civil (ed. 1933) que dispone:

"Artículo 605.—Siempre que se verificase una partición de herencia, en la cual hubiere interesados menores de edad, o incapaces, si se adjudicaren bienes de la herencia en pago de deudas, a herederos, o extraños; deberá someterse a la aprobación de la corte de distrito competente, y si ésta, con audiencia del fiscal quedare satisfecha de la certeza de la deuda y de que la adjudicación en pago de la misma es razonable y justa, podrá aprobar dicha adjudicación en pago, sin necesidad de la subasta pública."

En el caso de *Mercader* v. *Registrador*, 42 D.P.R. 698, al interpretar la sección 71-A, supra, se resolvió que no era necesaria la autorización previa de la corte de distrito para que un padre pueda comparecer en representación de sus hijos menores de edad en una escritura de partición en la que se adjudicáren bienes inmuebles para el pago de deudas, no siendo necesaria tampoco la subasta de los bienes adjudicados, siempre que dichas operaciones particionales sean sometidas a la aprobación de la corte.

En el caso de autos se le adjudicó a la recurrente el único inmueble de la herencia comprometiéndose ella a pagar la hipoteca, que en forma tan indeterminada—"de unos $300"—se hizo constar en la escritura, sin especificarse sus condiciones ni quién era el acreedor, si estaba vencida o no y que ella la pagaría "del derecho cedídole". Ese derecho se refiere a la mitad de gananciales de la viuda que, teniendo un valor de $700 la recurrente adquirió por $250 más el pago de la hipoteca de "unos $300". De manera que la recurrente aparentemente compró por $550 unos bienes gananciales valorados en $700 y se le adjudicó la única casa y solar que existía en la herencia, mientras que a los demás hijos, incluyendo a dos menores de edad, se les dió $100 a cada uno. La viuda y sus hijos menores viven en Aguadilla y la casa y solar están situados en la calle de las Flores en Santurce, donde vive la recurrente.

Es posible que no exista motivo alguno para sostener que la partición así hecha haya perjudicado a los menores, pero somos de opinión que el registrador recurrido tiene razón al sostener que la partición debió someterse a la aprobación de la corte de distrito y estamos de acuerdo cuando dice:

"Por la forma de redacción del documento en cuestión, habiendo mediado en ella la entrega de dinero en efectivo a la representante de dichos menores, no creemos que ésta sea una división de herencia sino una verdadera enajenación. Las cortes al conceder autorización judicial para casos de tal índole en que estén envueltos menores de edad, exigen que los derechos de tales menores estén debidamente protegidos y que lo que se le adjudique sea algo provechoso a los mismos, entre ellos, bienes inmuebles que estén libres de cargas o gravámenes; y habiendo deudas en contra del caudal a repartir, la escritura necesita la aprobación de la corte ya que hay deudas que deben ser comprobadas y cuya adjudicación para su pago no debe perjudicar los derechos de dichos menores."

*Se confirma la nota recurrida.*