CELSA RIVERA, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE CAGUAS, recurrido.

Núm. 1168.—*Sometido:* Junio 21, 1945. *Resuelto:* Julio 16, 1945.

*A. L. López,* abogado de la recurrente; el registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

Arcadia Barety, en su carácter de madre con patria potestad de María Socorro Acevedo Barety, de 18 años de

---

edad, soltera y vecina de Nueva York, solicitó autorización judicial para vender un condominio consistente de una mitad de cierta finca urbana radicada en Caguas. El Fiscal expresó que estaba conforme con que se autorizase la enajenación, siempre que la totalidad de la finca fuese vendida en pública subasta y el producto de la venta se depositase en la secretaría de la corte de distrito para disponer de la parte correspondiente a la menor, de conformidad con lo que ordenase la corte. La corte, siguiendo la indicación del Fiscal, ordenó la venta de todas las fincas y así se hizo. Presentada en el Registro de la Propiedad la escritura de venta judicial, el documento fué inscrito con el defecto subsanable de no haber consentido Arcadia Barety que su condominio, consistente de la otra mitad de la finca, fuese vendido en pública subasta.

Para revisar la nota del Registrador interpuso la compradora el presente recurso.

De la orden decretando la venta del inmueble aparece que la autorización solicitada por Arcadia Barety fué para vender únicamente el condominio perteneciente a su hija. No consta que dicha señora consintiera expresamente que su condominio fuese vendido en pública subasta. Siendo ello así, la corte carecía de jurisdicción para ordenar la venta del condominio de la madre. Ella pudo haber pedido de manera expresa que su condominio fuese vendido juntamente con el de su hija, de ese modo facilitando la venta y aumentando las probabilidades de obtener mejor precio por los condominios.

Sin prejuzgar los derechos que pueda tener la recurrente contra Arcadia Barety, cuestión que no está envuelta en este recurso, nos limitaremos a resolver que en la cuestión registral suscitada por la nota del Registrador, éste tiene la razón.

El caso de *West India Oil Co.* v. *Blanch,* 57 D.P.R. 591, citado por la recurrente, no es de aplicación. Allí se trataba de la división de comunidad sobre un solar, y la forma

de dividir la comunidad se regía por el artículo 338 del Código Civil, ed. 1930, de conformidad con el cual procedía la venta de la totalidad del inmueble.

*Debe confirmarse la .nota recurrida.*