TELESFORO MÉNDEZ CORTÉS, en su carácter de tutor legal del incapacitado EUSEBIO GALARZA NIEVES y su esposa MARÍA LORENZO, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE AGUADILLA, recurrido.

Núm. 1229.—*Sometido:* Febrero 13, 1948. *Resuelto:* Marzo 4, 1948.

*José Veray, Jr.,* abogado del recurrente; el registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SEÑOR SNYDER emitió la opinión del tribunal.

En un procedimiento *ex parte* la corte de distrito declaró con lugar la solicitud del tutor de Eusebio Galarza Nieves, persona incapacitada, y ordenó la venta en pública subasta de dos fincas, como pertenecientes a Galarza, por un precio no menor de $400 y $170 respectivamente. De conformidad con esta resolución, se vendieron a Francisco Acevedo Badillo las dos fincas en pública subasta por los precios arriba mencionados. María Lorenzo compareció en la escritura de venta otorgada por el márshal, haciendo constar que era la esposa de Galarza, que las dos fincas constituían biénes gananciales, que ratificaba y consentía a la venta de las dos fincas a Acevedo, y que convenía en recibir en su oportunidad y tan pronto como la corte de dis-

trito así lo resolviera, la parte proporcional que a ella le correspondía en el precio de venta de las fincas.

El registrador se negó a inscribir la escritura de venta por los motivos (1) que la resolución ordenaba que la finca se vendiera como de la exclusiva pertenencia de Galarza, mientras aparecía inscrita como bienes gananciales de éste y de María Lorenzo, y (2) que una resolución judicial no puede ser enmendada por una escritura.

Alega el peticionario que no obstante la resolución, la ratificación de la venta hecha en la escritura por María Lorenzo, convalida la venta. Descansa en *García* v. *Registrador,* 66 D.P.R. 683, y en *Rivera* v. *Registrador,* 65 D.P.R. 298.

En el caso de *García* la esposa compareció ante la corte de distrito por derecho propio y en representación de su esposo incapacitado, y alegó que éste era el dueño, como bienes gananciales, de una finca, y solicitaba que a nombre de los dos se vendiera la finca en pública subasta. Esto se hizo a tenor con una resolución de la corte, y el márshal firmó la escritura a nombre de cada uno de ellos. El registrador inscribió la escritura con el defecto subsanable de que la esposa no había comparecido en la escritura a ratificar la venta en cuanto a su participación de la mitad de los gananciales. Revocamos su nota por el fundamento de que como la esposa había dado su consentimiento y autorización anteriormente, no era necesario que ella compareciera de nuevo a ratificar un acto que se verificó a instancia suya y con su consentimiento anterior y expresa autorización.

En el de *Rivera* una madre con *patria potestad* sobre su menor hija solicitó la autorización judicial para vender la participación de ésta en una finca perteneciente a las dos. El fiscal convino en que el traspaso se autorizara con la condición de que se vendiera en pública subasta toda la propiedad y que se depositara el producto en corte para retirar

de ella la parte perteneciente a la menor. La corte ordenó la venta de toda la finca, y ésta se llevó a cabo. Se inscribió la escritura con el defecto subsanable de que la madre no había consentido en que se vendiera su participación en la finca. Confirmamos la nota del registrador por el fundamento de que la solicitud de autorización y la resolución de la corte se limitaron a la participación de la menor en la propiedad. Sin embargo, dijimos que (pág. 299) "No consta que dicha señora consintiera expresamente que su condominio fuese vendido en pública subasta."

Es cierto que dijimos a la página 299 del caso de *Rivera* que "la corte carecía de jurisdicción para ordenar la venta del condominio de la madre." Y del mismo modo, en el presente caso la corte carecía de jurisdicción para vender la participación de la esposa en los bienes gananciales. Pero con su esposo incapacitado, no había impedimento alguno para que la esposa, a iniciativa propia, compareciera en la escritura, como lo hizo en este caso, de suerte que ella apareciera vendiendo su participación y el márshal apareciera vendiendo la del esposo incapacitado. La actuación del márshal fué conforme a la resolución de la corte; la actuación de la esposa fué conforme a su propio deseo, independientemente de la resolución de la corte.

Lo que hemos dicho es también consistente con el caso de *García*. Allí la comparecencia de la esposa en el procedimiento judicial fué suficiente para justificar la venta por el márshal no solamente de la participación de su esposo incapacitado, si que también de la suya en la propiedad ganancial. Aquí la corte carecía de jurisdicción sobre su participación ya que ella no compareció en el procedimiento judicial. Pero al unírsele en la escritura, esto facultó al márshal para cumplir con la resolución de la corte en cuanto a la participación del esposo en la finca.

No podemos ver por qué, según el registrador, el fiscal pudo no estar conforme con la venta o la corte pudo haber

dictado una resolución diferente, si el tutor, en vez de decir en su solicitud que la propiedad pertenecía exclusivamente al esposo incapacitado, hubiera indicado que era un bien ganancial. A lo sumo, si los hechos se hubieran expuesto correctamente—que la propiedad pertenecía a la sociedad de gananciales—la corte quizás hubiera exigido el consentimiento de la esposa para vender tanto su participación en la finca como la de su esposo, con el fin de obtener el mejor precio posible. Pero esto se efectuó mediante la comparecencia de la esposa en la escritura sin necesidad de una resolución de la corte.

Tampoco podemos convenir con el registrador en que la resolución fué modificada por la escritura. La resolución se cumplió: el márshal vendió la participación del esposo en la propiedad, si bien aquélla no era privativa. La comparecencia de la esposa en la escritura no estuvo en conflicto con la resolución. Más bien ayudó a llevar a cabo los fines de la resolución.

*La nota del registrador será revocada y se le ordenará que inscriba la escritura libre de defectos.*